*Rutland,*
*January,*
*1826.*

FAY, DAVISON, and BURT, *late partners*, plaintiffs below, *vs.* JOEL GREEN, defendant below.—*IN ERROR.*

A judgment, upon the report of auditors, reversed, and the report set aside, for that the auditors erred on a question of law.

A witness who is interested, unless discharged, is, nevertheless, incompetent to prove such discharge.

THIS was a writ of error brought to reverse a judgment of Rutland county court. The original action was an action on book account. Judgment to account being given, and a reference to auditors had, the auditors made a special report, deetailing the evidence, upon which their report was founded. From the report it appeared, that the plaintiffs' account against the defendant, amounted to $151,36, which was not disputed. That the defendant's account against the plaintiffs, was $33,40; and *his* account against one *Lucinda Burt*, a sister of one of the plaintiffs, was $123,41, making in the whole the sum of $156,81. That on the hearing before the auditors, the defendant insisted, that *Charles Burt*, one of the said parties, had agreed with the defendant, that he might take up goods, at their store, to the amount of the account against Lucinda Burt, and that the account should be received in payment. That he gave evidence tending to prove this fact; the most material part of which con sisted of the depositions of the said Lucinda, now *Lucinda Stone*, and of *William Stone*, her husband, which were as follows:

"I, Lucinda Stone, of &c. testify and say, that Charles Burt was at Rockingham, and told me, that he had settled the demand against me, in favour of Doctor Joel Green, it being the said Dr. Green's bill for medicine and attendance on me during a fit of sickness in the fall of 1816, and the winter and spring of 1817. My brother Charles said, that he refused to settle Dr. Green's bill, on account of its being so high, but that the doctor finally reduced it down, till he closed it with him. And I further depose and say, that Doctor Joel Green has this day, under his hand and seal, given me a discharge in the words and figures following, to wit.:

'I, Joel Green, of Rutland, in the county of Rutland, for divers good causes and considerations, do hereby release William Stone and Lucinda Stone, from all liability or claim for medicine and attendance, furnished the said Lucinda, before her intermarriage; and will hereafter look to Charles Burt, or Fay and Burt, for my pay for the same.

'Witness my hand and seal, this 11th day of Nov. 1823.
'JOEL GREEN. (L. S.)'

"And further this deponent saith not.
(Signed) "LUCINDA STONE."

"I, William Stone, of, &c. testify and say, that some time in August, 1818, Charles Burt, of Rutland, in the county of Rutland, was at my house in said Rockingham, and in conversation

*Rutland,*
*January,*
*1826.*

*Fay, et al.*
*vs.*
*Green.*

with my wife Lucinda, the said Charles declared, that he had settled a demand against the said Lucinda, (being a doctor's bill for medicine and attendance of Dr. Joel Green, of Rutland, during the sickness of the said Lucinda, in the fall of 1816,) and paid the said demand to the said Joel Green; and in the course of the conversation, the said Charles remarked, that Green's bill was too much, and that they compromised for a less sum than Green first demanded; and, from his conversation, I understood, that his partners and the said Burt paid; and at the time of my marriage with the said Lucinda, it was understood, that judge Benjamin Burt was to pay the said Charles the necessary bills, during the sickness of the said Lucinda; and I have heard Judge Burt say, that he is willing to pay the said Charles the said bill, and that the said Charles is now indebted to him. And I further depose and say, that I have received a full discharge from the said Green, previous to making this deposition, and further the deponent saith not.

(Signed)          "WILLIAM STONE."

To the admission of these depositions before the auditors, the plaintiffs objected, on the ground of the interest of the deponents; but the auditors overruled the objection, admitted the depositions, and reported, that they found no balance due to either party, and that the defendant ought to recover his costs.

Upon the return of the report into Court, exceptions were taken thereto, upon the facts disclosed therein; but the Court accepted it, and rendered judgment for the defendant thereon, which is the judgment now sought to be reversed.

ROYCE, J. delivered the opinion of the Court. The plaintiffs object to the subject matter of the defence to their action below, and also to the evidence by which the defendant was allowed to support that defence. No valid objection is perceived to exist to the nature of the defence. The transaction is to be considered as an agreement between the defendant and Charles Burt, that the latter should assume the debt of his sister, and pay it in goods from the store, making himself debtor to the firm for the amount. No evidence was offered, nor is any insinuation made, that by this transaction it was intended to defraud the other partners; and the contract was executed in good faith. But the Court consider, that the evidence of Lucinda Stone, and her husband, William Stone, by which the defence was principally supported, was improperly admitted. The interest of these witnesses appears from the mere statement of the case; and there was no evidence before the auditors to remove that interest, but the testimony of the witnesses themselves. This was but the testimony of interested witnesses, and should have been rejected. It is, therefore, the duty of the Court to interfere, and set aside the report and judgment produced by that evidence.

*Wm. Page* and *R. B. Bates,* attornies for the plaintiffs.

*Moses Strong* and *Ch. K. Williams,* attornies for defendants.