ORLANDO STEVENS and WALTER C. STEVENS, defendants below, *vs.*  *Franklin,*  
RICHARDS, TRUSDELL, & Co. plaintiffs below.----*IN ERROR.*    *January,*  
*1827.*

In an action on book account for articles delivered which have latent defects, the *value* of the arti-
cles is the legal rule of damages, and not the *customary price* of that species of article, unless
controled by a special agreement of the parties.

Both parties to an action on book account being made witnesses by the statute, each has a right to
testify, and also to demand the testimony of the other. And they are competent to testify to eve-
ry material fact in relation to the account, proper to be considered in deciding upon the respective
claims of the parties.

THIS was a writ of error brought to reverse a judgment of
Franklin county court, rendered upon and approving a report
of auditors in an action on book account.

The report was as follows:----

Your auditors in the above case report;----that they notified
the defendants of the time and place of said audit, who did at-
tend :----that on the 6th day of September, 1826, they duly ex-
amined and adjusted the book accounts of the plaintiffs, from
which they find a balance due the plaintiffs of 580 dollars and
91 cents, to balance said accounts.

And your auditors beg leave specially to report, that on hear-
ing and duly weighing the evidence, they found the following
facts :----

1. That the defendants bought of the plaintiffs, at their
store in *Troy*, three hundred Spanish hides, at the accustomed
price, which constituted the principal item in the plaintiff's ac-
count.

2. That one half of said hides, at the time of said sale, were
more or less damaged ; from such as were of no value to those
that were slightly injured.

3. That the defects in said hides were latent and not known
to either of the parties, at the time of the sale----that the nature
of the property will admit of latent defects.

From the above case it were contended by the defendants, that
in an action on book account, the actual value of the property
at the time of the sale should, in law, be the rule of damages ;
while on the other hand, it was contended, that without an ex-
press warranty or fraud, the plaintiff would be entitled, in law,
to recover, in this form of action, the amount of the account,
if found to be charged at the customary prices, which latter po-
sition was supported by your auditors, and no deduction was made
on said account, by reason of the damages aforesaid.

Your auditors would further state, that at the trial of this
case, the plaintiffs did neither of them attend. That *Walter C.
Stevens*, one of the defendants, testified before your auditors, that,
at the time he purchased said hides of the plaintiffs, they laid
in a pile in the store loft; that he requested the plaintiffs to let
him have the privilege of picking said hides, to which the plain-
tiffs objected, and at the same time observed to said defendant

11

*Franklin,*
January,
1827.

*Stevens et al.*
*vs.*
Richards
*et al.*

that he knew them to be good. Upon the above statement, your auditors did not consider there was an express warranty of said hides, and further, if it should amount to an express warranty, that the oath of the party would not be legal testimony to prove it.

Objections were filed against the acceptance of this report, for the causes appearing on the face of the report. But the county court overruled the objections, accepted the report, and rendered judgment for the plaintiffs thereon.

Exceptions being filed and allowed, the present writ of error was brought, assigning for errors the opinions of the court upon the matters aforesaid. Also, averring that there was error in this, that the county court accepted said report, notwithstanding the auditors had not stated the account, and returned the same into court.

Plea, *in nullo est erratum.*

*Adams,* for the plaintiffs in error, insisted,

1. That it does not appear by the auditors report, that the hides were sold and delivered at any fixed price; therefore the *actual,* and not the *apparent* value of them, should have been the rule of damages.----1 *Swift's Dig.* 386.----1 *Campb.* 113, *Hibbard* vs. *Shec*----*Archibald's Pleadings,* 23.

2. That in an action on book, the parties are competent witnesses to prove the terms and conditions on which the articles, that make up the account, were delivered.----*Stat.* 141.----4 *Day's Rep.* 288, *Bryan* vs. *Jackson.*

3. The affirmation of the defendant in error, that he knew the hides to be good, is an express warranty ; at all events, is a declaration by which he ought to be bound.----3 *T. Rep.* 51, *Pasley et al.* vs. *Freeman.*----*Long on Sales* 124.----*Selwyn N. P.* 684, note.----*Archibald's Pleadings,* 24.

4. The accounts of the parties, as exhibited to the auditors, should have been returned with the report.----*Statute* 142.---- *Read* vs. *Barlow,* 1 *Aik. Rep.* 148.

By the COURT.----That is not one of the exceptions taken on the acceptance of the report.

*Adams.* We, nevertheless, insist, that we have a right to take advantage of it on error. The statute is express, that the account shall be returned into court.

*Swift,* contra.----The only question presented in this case is, is a merchant who vends goods, answerable for a defect in such goods, (not known at the time) on the ground of implied warranty ? The defendants in error contend that he is not.

No person is answerable for unsoundness in property sold, unless he is guilty of fraud, or has made an express warranty of soundness.--- 2 *Selwyn, N. P.* 584, 5, 6.

The principle, and not the form of action, is to govern in the decision of this question.

If the defendants are liable, on the ground of warranty or fraud, the plaintiffs are not deprived of their remedy by action

Franklin,
January,
1827.

Stevens et al.
vs.
Richards
et al.

but the damages cannot be offset in *this* way, for the auditors are not competent to go into the trial of a warranty, or a question of fraud.

The opinion of the Court was pronounced by

SKINNER, Ch. J. It appears from the report of the auditors in this case, that the plaintiffs had charged to the defendants 300 Spanish hides; that at least one half in number were more or less damaged, and some altogether worthless; that the defect was latent and unknown to either party at the time; that they were charged at the customary price. The plaintiffs did not attend at the hearing. The auditors considered the oath of the *party* not legal testimony to prove a warranty. From examining the record we are inclined to send the case back to the auditors, if for no other purpose, that they may make a more particular and full report. It is said the hides were bought at the *customary* price; but whether the defendants understood they were to pay the price that other purchasers paid the plaintiffs for hides, or a certain given price, does not appear.

If a certain price was agreed upon, we are not advised why the auditors referred to the *customary* price, and omitted to name the price. The defendants insisted the *value* of the hides was the legal rule of damages, and in this they were correct, unless controled by a special agreement of the parties. It is evident if there is a customary price to this species of property, it can only apply to such as is of a good or ordinary quality, and not to such, as from latent defects, is of no value.

Upon the question as to what facts the parties in an action on book account may testify, there has been much diversity of opinion.

It was formerly considered, that if there was any special contract, as to the price of the goods, the time, or the mode of payment, it would not be shown by the testimony of the party.

This was manifestly unjust, as the plaintiff, having testified to the delivery of the goods, or the performance of the services, was, of course, entitled to recover----the law implying an undertaking on the part of the defendant to pay, on demand, the value. If the plaintiff is made a witness to testify to the sale and delivery of the goods, &c. and thus entitle himself to recover, the law, from those facts, implying an undertaking on the part of the defendant to pay, &c. surely the defendant must be permitted to call upon the same witness (the plaintiff) to oust the implication. As the parties are made witnesses, there can be no better rule, than that they should testify to every material fact in relation to the account, proper to be considered in deciding upon the merits of the respective claims of the parties. Any attempt to limit the inquiry before the auditors by any rule short of this, is believed to be impracticable. By the construction which has been given to the statute, both parties are made witnesses, each has a right to testify, and also to demand the testimony of the other.

*Stevens et al:*
*vs.*
*Richards*
*et al.*

The auditors say, in their report, one of the defendants testified, that the plaintiff declared, at the time of the sale and delivery, he knew the hides to be good; and it may be inferred, from the report, that the defendant was, by this representation, induced to take them without further examination.  Although we are not prepared to say, from the facts presented, that there was in law a warranty or deceit on the part of the plaintiffs, so as to entitle the defendants to redress; yet, as the case is to be sent back to the auditors, and, as we believe they neglected particularly to inquire upon that point, supposing the testimony of the party improper, we shall express no decided opinion thereon.

Judgment, that there is error, &c. and the judgment of the county court is reversed.

Prentiss, J. absent from indisposition.

*B. F. Smalley* and *Henry Adams,* for the plaintiffs in error.

*Benj. Swift,* for the defendants in error.