## Fay, Davidson & Burt, *late partners*, vs. Joel Green.
### [*See Ante. vol.* 1, *p.* 71.]

In an action of account, the examination of the parties before auditors, relative to the accounts exhibited, is general, and extends to all circumstances connected with such accounts.

Either or both the parties, in such case, may, and have a right to be examined before the auditors, as to the terms and circumstances under which the goods charged in the accounts were delivered, although it may involve an inquiry into a special agreement:

If a party pay cash down for goods delivered him, or receive them in payment of a pre-existing debt, so that they never rightfully became the subject of a book charge against him, it is competent for him to testify to that fact. And if both parties are examined as to the matter, as they may be, it is the duty of the auditors to decide upon the whole examination and proofs, as the weight of the testimony may require.

If an auditor express an opinion upon the facts in the case before his appointment, unknown to the party at the time of his appointment, it would probably be good cause for setting aside the report; but otherwise, of his expressing an opinion upon a question of law arising in the case; the report, so far as questions of law are involved, always being subject to the supervision of the court. And it is the duty of auditors, in all cases, when required, to report the facts and proceedings before them.

THIS cause came before the Court upon exceptions filed by the defendant to a report of auditors. From the report, (which was a special one,) it appeared, among other things, that the defendant, after admitting the receipt of the articles charged in the plaintiffs' account, presented an account against *Lucinda Burt*, sister of *Charles Burt*, one of the plaintiffs, and now *Lucinda Stone*, for medicine and attendance during the sickness of the said Lucinda, in the winter and spring of 1817, amounting to $106,37, without interest, which he claimed to be set off against the accounts of the plaintiffs, by virtue of an agreement between him, the defendant, and Charles Burt, one of the plaintiffs. And the defendant then offered to prove, by his own oath, his account against the said Lucinda Burt, for medicine and attendance, and an agreement with the said Charles Burt, one of the plaintiffs, to pay his the defendant's account against the said Lucinda, in goods, out of the plaintiffs' store, and that the goods charged in the account of the plaintiffs were received by him in pursuance of such agreement in payment of his account against the said Lucinda :—to which evidence the plaintiffs objected ; and the auditors decided, that the defendant

*Rutland,*
*February,*
*1827.*

*Fay et: al.*
*vs.*
*Green.*

could not be permitted to prove, by his own testimony, an agreement with one of the plaintiffs whereby to charge the other plaintiffs, nor that the goods charged in the account of the plaintiffs were received by him in payment of his account against said Lucinda, in pursuance of such agreement; and that he might be admitted to prove his account against the said Lucinda.

The defendant objected to the acceptance of the report,

1st. For that it appeared by said report, that the auditors would not permit the defendant to prove by his own oath that the articles charged in the account of the plaintiffs were received by him in payment of a debt due him, the defendant, from one *Lucinda Burt*, in pursuance of a contract made with one of the plaintiffs.

2d. For that one of the auditors appointed to adjust the accounts of the parties, had given an opinion in said cause, previous to his said appointment, unfavourable to the defendant, which fact was unknown to the said defendant.

The second exception was attempted to be supported, by the affidavit of a witness, detailing a conversation with the auditor, previous to his appointment, concerning the cause, in which the unfavourable opinion was expressed; and the affidavit of the defendant, testifying to his ignorance of the fact at the time of the appointment.---To rebut which, the plaintiffs introduced the affidavit of the auditor himself, from which it appeared, that, some three or four years before, in a casual conversation respecting the cause, the question arose, whether *Charles Burt*, one of the partners, could charge the company by his own promise; and that the auditor then gave it as his opinion, that he could not so charge the partnership. And that he had never become acquainted with the merits of the cause, till he investigated the case on the audit.

The counsel for the defendant, in support of the exceptions, cited *Bryan* vs. *Jackson*, 4 *Con. Rep.* 288---1 *Swift's Dig.* 729.

The counsel for the plaintiffs, *contra*, cited 2 *Mass. R.* 217---4 *Ib.* 455---13 *Ib.* 427---8 *Johns. R.* 189---12 *Ib.* 461---15 *Ib.* 409 ---*Cowan*, 584---*Kirby's Rep.* 150, 207, 289---2 *Root's R.* 130---1 *Day's R.* 104---4 *Con. R.* 288, 290, 292---1 *Swift's Dig.* 583---2 *Swift's Syst.* 171---*Swift's Ev.* 83---*Brayt. Rep.* 39---1 *Aik. Rep.* 148.

The opinion of the Court was pronounced by

PRENTISS, J. This case came before the Court, at the last term, on exceptions to a report, returned by former auditors in favour of the defendant. That report having been set aside, and new auditors appointed, a report is now returned for the plaintiffs, to which the defendant has taken two exceptions, on which we are called to decide.

1. The first exception is, that the auditors refused to permit the defendant to testify, that the goods, charged in the plaintiffs' account, were received by him in payment of a debt

due him from one *Lucinda Burt*, in pursuance of an agreement made with *Charles Burt*, one of the plaintiffs. Whether the delivery and receipt of the goods in payment of the defendant's debt against Lucinda Burt, under the agreement with Charles Burt, would form a good defence to the plaintiffs' claim for the goods, was determined by the Court at the last term. The Court then said, "that no valid objection existed to the nature of the defence ; that the transaction was to be considered as an agreement between the defendant and Charles Burt, that the latter should assume the debt of his sister, and pay it in goods from the store, making himself debtor to the firm for the amount ; and that if the contract was executed in good faith, and the goods received by the defendant in payment for his services rendered Lucinda Burt, the transaction, without proof of the fact, could not be intended to defraud the other partners, and they could not recover for the goods.". (1 *Aik. Rep.* 71.) Considering this point as already settled, and not now open to discussion, the only question is, whether the defendant ought to have been permitted to testify to the agreement made with Charles Burt, and to the fact of the goods being taken up pursuant to it. The form in which the defendant presented his defence to the auditors, is not very material. It is said, that he claimed to have his account against Lucinda Burt *set off* against the plaintiffs' account ; but taking the whole report together, the substance of it is, that the defendant presented the account as evidence of a debt once existing against Lucinda Burt, and offered to testify, that Charles Burt assumed this debt, and that the goods charged in the plaintiffs' account were delivered to, and received by him in payment of the debt, and were not taken up on credit. *It is difficult, if not utterly impracticable,* to lay down any consistent general rule, limiting or restricting the examination of parties before auditors. The statute enacts, that "upon the parties appearing to render their accounts, the auditor or auditors shall have power to administer an oath to them, in the form prescribed by law ; and the parties being sworn, the auditor or auditors shall have power to inquire by interrogatories, as well of the plaintiff or plaintiffs as of the defendant or defendants, relative to their respective accounts ; and also to cross-examine the parties with respect to each other's accounts." (*Comp. Stat. p.* 141, *s.* 1.) On a construction of this statute, it was decided at the last term in Franklin county, in the case of *Stevens* vs. *Richards, Truesdell & Co.* 2 *Aik. Rep.* 81, that the examination of the parties, relative to the accounts exhibited, must necessarily be general, and go to all the circumstances connected with them : that it is not confined to the fact of the delivery of the articles, or performance of the services charged, but extends to the terms on which they were delivered or rendered, the price, mode and time of payment, to the quality, amount and value, and to payments made, either in whole or in part, and the time and manner of such payments. This decision does not authorize a recovery in this

Rutland,
February,
1827.

Fay et. al.
vs.
Green.

form of action for damages growing out of a breach of special contract, or for any thing which is not a proper subject of book charge. It goes merely to the extent to which the examination of the parties may be carried; and it is a full authority for saying, that, in the present case, either or both of the parties might, and had a right to be examined, as to the terms and circumstances under which the goods charged in the plaintiffs' account were delivered, although it might involve an inquiry into a special agreement. In Connecticut, where a similar form of action and mode of proceeding exist, a special agreement as to the mode of payment will not exclude the party from the right to charge the article on book; and the parties are permitted to testify, not only with respect to the delivery, and the terms agreed upon, but to all collateral circumstances connected with it. (1 *Swift's Dig.* 582, 729.) If the defendant had paid cash for the goods, or received them in payment of a note delivered up against the plaintiffs, or either of them, he might undoubtedly have examined the plaintiffs as to this fact, and also testified respecting it himself, although he could not charge the cash or note on book, and recover for them. The case presented is in substance the same thing. The defendant did not offer by his own testimony to establish a subsisting unsatisfied demand, arising out of a special contract, for which he claimed to recover; but to show, as a defence to the plaintiffs' claim, that he had paid for the goods in a particular manner, or that they never formed a debt against him; in short, that the goods were delivered to him, not on credit, but in payment of his debt against Lucinda Burt. If they were so delivered, the defendant was not indebted to the plaintiffs for the goods; and we think it was competent for him to testify to the fact. If the defendant had been examined, and the plaintiffs also, as they might have been, relative to the matter, it would have been the duty of the auditors to have decided upon the whole examination and proof, as the weight of the testimony might have required.

2. The second exception is, that Mr. *Granger*, one of the auditors, had given an opinion upon the matter in controversy, previous to his appointment, unfavourable to the defendant, which was unknown to the defendant at the time of his appointment. Where a juror has formed and expressed an opinion upon the merits of a case, it is held to be a good ground to set aside the verdict, if unknown to the party before the jury was impannelled, unless it appears to have been formed under such circumstances as not to have affected the verdict. The same doctrine will probably hold, to a certain extent at least, with respect to auditors; and if Mr. Granger had formed an opinion upon the merits of the case, as it would have been a good ground of objection to his appointment, if known, it would seem, in reason and principle, to be a sufficient cause for setting aside the report, if it was unknown. But it appears that the opinion expressed by him, was not as to the facts existing

in the case, but was confined to a mere point of law. As it respects the law of the case, it would seem not to be very material, whether he had previously declared an opinion upon it

or not; for the decisions of auditors, as far as questions of law are involved, are always subject to be reviewed and corrected by the court. It is the duty of the auditors, in all cases, when required, to report the facts and proceedings before them; and if it appears on examination that they have erred in point of law, the report will be set aside; if no error has been committed, and the report is right, it will be accepted. Whatever opinion may have been expressed by Mr. Granger on the law of the case, the facts and grounds on which the auditors proceeded are distinctly stated in their report; and whether they erred or not, has been already considered and decided on the first exception.

Report set aside.

*Page*, *R. B. Bates* and *Hodges*, for the plaintiffs.

*R. C. Royce* and *C. K. Williams*, for the defendant.