WINDSOR,
*February,*
1831.

MAY & WALES *vs.* EDWARD CORLEW.

When a report of auditors is set aside, and the cause again referred to them, they must go into an examination of the whole case, if requested, and make their report accordingly.

Auditors having made and signed a report may afterwards make an additional statement explanatory of their views in the case ; and

They may report in the alternative, leaving it to the court to render judgement for one of two sums according as the court should judge the law to be.

A party to an action on *book account* may testify, before auditors, to a settlement, or to payments and items in his account, from which a settlement may be inferred.

This was an action on *book account*, and the questions in the case arose on objections filed to the report of the auditors. It appears that two auditors had been appointed to examine and adjust the accounts of the parties, and make report thereon at June term, 1830. These auditors met and examined the accounts pursuant to the rule and order of court, and made their report at said term in favor of the plaintiffs. The sum which they found due to the plaintiffs, ($53,06,) was, as appeared by the report, composed in part of various items of interest in gross sums, and the report did not specify the rule by which it was allowed, nor the time for which interest was computed. For this informality, and for other reasons, the court rejected the report, and the cause was again referred to the same auditors, and to one other, who was added to the board at the request of defendant's counsel, under the following rule and order of court : " County court, June " term, 1830. The report in this case, made at this term, being " heard, it is ordered by the court that the same be recommitted ; " and that William Henry be, and he is appointed an additional " auditor in said cause. And said auditors are hereby directed " to have a hearing as to the settlement in 1819, and report upon " the whole case at the next term of this court." Under this rule the auditors re-examined the accounts, and made the following report :

" The account of the plaintiffs, as exhibited to the former auditors, was admitted to be correct in every respect as reported by said auditors,—a copy of which account and the original report of said auditors are herewith returned,—except as to a settlement in 1819, or payments claimed to have been made at that time to make a settlement. The defendant's counsel then offered to prove a settlement in 1819, or the payment of cattle and money at that time to make a settlement. The plaintiffs' counsel contended, that the hearing of the auditors should be strictly confined to the words of the rule, " to have a hearing as to a settlement in 1819," and objected, that the defendant was not a competent wit-

WINDSOR,
February,
1831.

May et al,
vs.
Corlew.

ness to prove said settlement or payments made at that time to make said settlement, and that he could not be examined as to any particular payment or item in his account, or as to any facts from which a settlement might be inferred. The auditors overruled the objection, and admitted the defendant to testify as to payments, and items in his account, from which a settlement might be inferred. During the hearing, the plaintiffs offered James May as a witness, who is agent or clerk for the plaintiffs, to prove that at a certain time after the commencement of this suit the defendant came to him, and after a discussion relative to the suit, took him aside, and offered to settle the account with him provided he would take of the defendant a horse of the value of $75,00, and the defendant would afterwards pay the balance. The defendant contended that this testimony was improper, and the auditors rejected it.

From the whole examination of the parties, and their proofs, we are of opinion that there was no settlement of accounts between the plaintiffs and defendant in 1819 ; but that there was a payment of $29,00 at the time of the alleged settlement in September, 1819, which is not allowed in the report of the former auditors in this case, in which report the accounts of the parties are correctly stated, with this exception. We, therefore, report the balance by said report due from the defendant to the plaintiffs                                    53,06
Interest on the same from May 1, 1830                    1,63
                                                        ——— 54,69

From which we deduct the payment of         $29,00
made 20th Sept. 1819, at the time of the pretended settlement, and the interest. from June 14, 1820, this being the time from which the interest on the account commenced —the balance being reckoned from the end of each year, the year ending June 13—         18,21—47,21

Leaving now due from defendant to plaintiffs         $7,48.
And we do report that said sum of $7,48 is due from the defendant to the plaintiffs to balance book account between them. Cost of this auditors' court taxed and allowed by us at $19,25.

Asahael Powers, } Auditors.
William Henry, }

I,William Thayer, one of the auditors in this cause, do not agree with the other two auditors in the above report, and hereby signify my dissent.                    Wm. Thayer."

"The auditors aforesaid, do further unanimously agree and report that in case the hon. court shall be of opinion that the auditors erred in point of law, in admitting the defendant to testify, as herein before stated ; or in case the hon. court should be of opinion that it was improper for us, according to the terms of the rule, to allow the said sum of $29,00, and the interest, $18,21, as

WINDSOR,
February,
1831.
———
May et al.
vs.
Corlew.

part payment of · the plaintiffs' account, notwithstanding we are of opinion there was no settlement made in 1819, as contended by the defendant; then we do report, that there is due from the defendant to the plaintiffs, to balance book accounts between them,

the sum reported by the former auditors,                53,06
And interest from 1st May, 1830,                           1,63
                                                                 ———54,69

> Asahel Powers,  ⎱
> Wm.  Thayer, .   ⎰ Auditors."
> William Henry,  ⎰

The defendant filed exceptions to the report; but the court rendered judgement thereon for $54,69 in favor of the plaintiff; and the case was reserved for the opinion of this Court.

*Mr. Sargeant, for the defendant.*—1. The first exception to this report is, that the second part of it is surplussage——made without authority, they having made and signed one report, and then extrajudicially made another.

2. Their powers had ceased when the first report was signed.

3. The report is in the alternative, leaving it to the court to take their choice or election which to accept.

The court made that election, and accepted the latter.  Such a power is not given to the court by any statute, and they never had it by our consent : therefore, it is insisted, that such election and acceptance are error.

If, however, this report may be good in form in the alternative, yet the court erred in point of law ; for the auditors, in admitting the defendant to testify as to the settlement of 1819, and the payments made at the time, were correct.—2 *Aikens*, 388, *Fay et al.* vs. *Green.*   The acceptance of this report by the court, rejecting the testimony of the defendant as incompetent to prove a settlement and payment of plaintiffs' account, operates as a surprise to defendant ; for had he not supposed the defendant on oath to be competent to prove the above facts, if believed, he the defendant would have produced other testimony to have sustained his defence, to wit, that of settlement and payment.   But with this decision accepting the report, by excluding the defendant's testimony as incompetent—to set it right now by further and other testimony, is out of the defendant's power.

Again, the auditors have certified and sent up to the court the facts, in detail, from which they made this report ; tand the defendant contends that the auditors erred in their conclusions from these facts, that from their schedule of facts it appears perfectly

clear, that there was a legal settlement made between the parties in 1819 ; and that the Court should so decide now.

WINDSOR,
February,
1831.

May et al.
vs.
Corlew.

*Mr. Cobb, contra.—*

WILLIAMS, J., after stating the case delivered the opinion of the Court.—Some objections have been made to the form in which this report is made ; but it appears to us that these objections are not well founded.    The auditors must find all the facts, and cannot refer the decision of any mere question of fact to the Court : but they may submit any question of law to the Court, and for that purpose, they may report in the alternative as they have done in this case.    In rendering the judgement which the county court have rendered on this report, they must have decided, on the alternatives submitted to them, either that the auditors had no right to do any thing further than to enquire and decide whether there had been a settlement in 1819, or that they improperly admitted the defendant to testify as stated in their report.

As to the first question, I would remark, that when a report of auditors is made, the court must accept it and render judgement thereon ; or they may reject it, and the whole case is then again submitted to the same or another board of auditors, who are to hear the whole case anew, without regard to the former proceedings.    If the report is not explicit, or not made as the auditors intended, it may be recommitted to them for amendment or correction, so that it may be made conformable to their intentions ; and in this case the parties are not allowed to introduce further testimony, or to have a further hearing.    If any other course is taken with a report, or if it is recommitted to hear testimony on a particular fact, it must be by consent of parties.    In this case it appears that the first report was not accepted : the case was referred to the same auditors, with the addition of Mr. Henry, and they were to report upon the whole case.    It then became the duty of the auditors to go into an examination of the whole case, if requested, and make their report accordingly ; for upon the report which they should make, the judgement of the county court was to be rendered.    The auditors having found that the sum of twenty nine dollars had been paid by the defendant to the plaintiff, there is no sound reason why it should not be deducted from the account of the plaintiffs. · If the county court decided upon the ground that the auditors were confined to a single enquiry, and ought not to have enquired in relation to this payment, their decision was erroneous.

WINDSOR,
February,
1831.

May et al.
vs.
Corlew.

On the other question, whether the auditors decided correctly in admitting the defendant to testify, we are of opinion that the defendant was properly admitted. There have been a great variety of opinions heretofore, as to what a party might be admitted to testify in an action on book. We are well satisfied with the rules which have been laid down by this Court in the cases which have been before them, *viz.* that the parties may " testify to every material fact in relation to the account proper to be considered in deciding upon the merits of the respective claims of the parties ;" (*Stevens* vs. *Richards & Truesdale,* 2 *Aik. Rep.* 81 ;) that they " may be examined as to the mode and time of payments, and to payments made either in whole or in part."—*Fay et al.* vs. *Green,* 2 *Aik. Rep.* 386. The decision in either of the cases last mentioned is sufficiently broad to embrace the present case. There can be no stronger objections urged against the testimony of a party to a settlement than to a payment. If only part of an account is claimed to have been embraced in a settlement the question must be usually determined by auditors, and the parties may both be examined as to that fact ; otherwise, the plaintiff might charge the defendant by his own oath with the whole of an account claimed, and the defendant would not be prevented either to call on the plaintiff to testify, or to testify himself, that a part of the account had been paid or embraced in a former settlement. But if our opinion on this question had been otherwise, and if the defendant ought not to have been admitted to prove the settlement, yet the plaintiffs are not injured by the testimony ; as the auditors did not find the fact of a settlement proved either by the testimony of the defendant, or by any other testimony. In every point of view the county court ought not to have rendered this judgement on the ground that the auditors erred in admitting the testimony of the defendant.

The judgement of the county court ought to have been rendered for the plaintiffs to recover the sum of seven dollars forty eight cents, only, as reported by the auditors, after deducting the payment made in 1819. The judgement which was for a larger sum must, therefore, be reversed, and this Court will render judgement for the plaintiffs to recover that sum only, unless the plaintiffs elect to have the whole case again submitted to the auditors, which the court will permit if requested.