RUTLAND,<br>
*February,*<br>
1841.

Strong<br>
*v.*<br>
Fish.

Judgment affirmed.

---

## MOSES M. STRONG *v.* PRESERVED FISH.

Where partners, as attorneys, rendered services for a client, and afterwards an agreement was made between one of the partners and such client that the services so rendered and services thereafter to be rendered, should be applied in payment of a debt due from such partner, alone, to the client, and this agreement was not known to the other partner, *it was held*, that, after the death of the partner making the agreement, the surviving partner could not recover for services rendered by the firm after such agreement; but, as the agreement was executory, and without consideration, he could recover for the services previously rendered.

ASSUMPSIT, in favor of the plaintiff as surviving partner of the firm of Royce & Strong, attorneys and counsellors at law, for professional services rendered by said firm to the defendant. The plaintiff and Rodney C. Royce, deceased, composed said firm.

Plea, *non assumpsit.* Issue to the court.

On the trial below, the defendant offered testimony tending to prove that an agreement was made between the defendant and said Royce, that the charges for said services, part of which had been rendered previously to said agreement, and the remainder afterwards, should be applied and indorsed upon a debt due the defendant from said Royce alone; that said Royce's estate was represented insolvent, and commissioners were appointed by the probate court to adjust all claims against said estate; that the defendant presented his claim before the commissioners for allowance, and, on such presentation, deducted from the amount thereof the full amount of the charges of said Royce & Strong against the defendant, for their services, being the same services sought to be recovered for by the plaintiff in this suit.

RUTLAND,
*February,*
1841.

Strong
*v.*
Fish.

The county court decided that these facts would not constitute a defence to this suit and rendered a judgment in favor of the plaintiff, and the defendant excepted to the decision.

After argument by *T. J. Ormsbee,* for defendant, and *C. Linsley* for plaintiff,—

The opinion of the court was delivered by

BENNETT, J.—The act, or agreement, of one partner, with reference to, and in the course of, the partnership business, and in the management thereof, is, in point of law, the act or agreement of the firm, and binding upon them, although it may violate some private arrangement between them. If, however, the matter is wholly disconnected from the business of the firm, the rule is otherwise. But the present is not a case where one partner has pledged the credit of the firm for the payment of a debt, contracted in a matter beyond the scope of the partnership. It is incidental to a partnership that each partner has the power of selling the partnership property, of releasing the partnership debts, and of receiving payment thereof in such manner as he shall see fit, provided there is no fraud upon the partnership. It appears that Royce agreed with the defendant that payment for all the services rendered should be made in a particular way, and those which were rendered subsequent to the agreement, were received by the defendant, relying upon this agreement. The rendition of such subsequent services did not create a subsisting debt against the defendant; but the partner, whose private debt became thereby extinguished, became, *pro rata,* a debtor to the firm. He had, in effect, received pay of the defendant, though to his private use. There is no pretence that the defendant was guilty of any improper motive in attempting to save a private debt against an *insolvent* partner, or that Royce was ever reputed to be insolvent. Had this been the case, and the defendant acted in bad faith, as it respects the partnership, we might have come to a different result. The case of *Fay et al.* v. *Green,* 1 Aik. Rep. 71, is much like the present. Burt, one of the partners, agreed with the defendant, who was a physician, to pay him his bill for professional services, which he then had against Burt's sister, in goods from the

store of the company. The goods were taken up by the defendant, under this agreement with Burt, but charged to the defendant on the books of the firm. There had never been an application made, or any credit given to Green for his account against the sister of Burt, and, in a suit by the firm against Green for the goods, it was held that this agreement of Burt, as to the mode of payment, though unknown to the other members of the firm, was binding upon them and constituted a good defence for Green to the amount of his account.

As to the services which were rendered by Royce and Strong before the agreement, they stand on different ground. The defendant became debtor to the firm for those services when rendered. The agreement, as to them, was executory and without consideration, and can confer upon the defendand no legal rights.

The judgment of the county court must, then, be reversed and a new trial granted.