#### FOR THE

## COUNTY OF RUTLAND.

### JANUARY TERM, 1845.

PRESENT.

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE,  ⎫
Hon. MILO L. BENNETT, ⎬ Assistant Judges.
Hon. WILLIAM HEBARD, ⎭

## MILLER & DUSTIN v. JEREMIAH DOW

Where one of two partners was individually indebted, and his creditor charged the debt to the firm, and informed both partners that he had done so, and subsequently the indebted partner delivered to the creditor property of the firm in payment of the debt, and this was known to the other partner, who also knew that the creditor supposed that he was receiving the property in payment for the debt, it was held, in an action on book account, brought by the firm against the creditor, and in which they claimed to recover for the property so delivered, that the creditor was entitled to be allowed for the charge thus made by him against the firm.

BOOK ACCOUNT. The only question which arose in the case was in reference to one item of $45.70 in the defendant's account, in reference to which the auditor reported as follows.

In July, 1841, J. & A. H. Miller, then partners in business, entered into an agreement with the defendant, by which they were to pay him, of the wages of one Otwin Milly, who was then in their employment, five dollars per month in work out of their shop. Within a short time after the making of this agreement the firm of J. & A. H. Miller was dissolved, and the said A. H. Miller, who was one of the present plaintiffs, continued to carry on the business previously carried on by the firm, and the said Otwin Milly remained in his employment. In March, 1842, the partnership between the present plaintiffs was formed, and in July, 1842, the defendant made the said charge of $45.70 against them, which was in these words,—"Balance of Otwin Milly's bill, rent to April 1st, 1842, $45.70,"—and in July, or August, of the same year both of the plaintiffs had knowledge that the defendant had made this charge against them, and that he expected them to pay it in work from their shop. Subsequently, and at a time, when, as the accounts stood, exclusive of that charge, there was a balance due to the plaintiffs, the plaintiff Miller solicited the defendant to take cabinet ware out of their shop, for what they were owing him; and the defendant did, subsequently, take articles from the plaintiff's shop to an amount exceeding said charge, supposing that he was receiving them in payment of that charge. It did not appear that either of the plaintiffs expressly assented to the payment of the charge, or that they ever expressed to the defendant any objection to allowing it, until after the defendant had taken the articles, as above mentioned. It appeared that the plaintiff Miller had retained, out of Milly's wages, $43.00, of which Dustin had no knowledge.

The county court, upon these facts, allowed to the defendant the said charge, in offset to the plaintiff's account; to which decision the plaintiffs excepted.

*Thrall & Pond* for plaintiffs.

*R. Pierpoint* for defendant.

The opinion of the court was delivered by

BENNETT, J. The only question, arising in relation to the report of the auditor, respects a single item of $45,70 in the account

of the defendant. In relation to this it is found, that, in July, 1841, the plaintiff Miller was one of the firm of J. & A. H. Miller, and that one Otwin Milly was in their service, and that the firm agreed with the defendant to pay him, of the wages of Otwin Milly, five dollars per month; that soon after this the Millers dissolved, and the business was carried on by A. H. Miller, one of the present plaintiffs, and Otwin Milly continued in his service; and that in March, 1842, the present plaintiffs went into partnership in the same business. In July, 1842, the defendant charged the amount due him of Otwin's wages to the present plaintiffs; and during that month, or in August, both of the plaintiffs had notice that the charge was made to them, and that the defendant expected they would pay it to him out of their shop; and it appears that Miller subsequently solicited the defendant to take cabinet work out of their shop for what they owed him, and that the defendant did subsequently take up more than sufficient to balance this charge, upon the supposition, on his part, that he was taking it in liquidation of the charge.

Upon such a state of facts there can be no doubt but what the auditor was correct, in giving the defendant the benefit of the charge. No objection was made by either of the plaintiffs, when they had notice that the charge was made to them and that payment was expected from them. The defendant was requested by Miller to take up what the plaintiffs owed him, and the defendant took up more than sufficient to balance this item in the account, supposing the charge was thereby to be cancelled. It is competent for one partner, even, without the knowledge of the other partner, to deliver the partnership goods in payment of his private debt; but in this case, as the charge was made to the firm with the knowledge of Dustin, and no dissent was expressed, it is to be taken that he assented to the delivery of the articles on the particular account, upon which the defendant supposed that he was receiving them.

The judgment of the county court is affirmed.