## WILLARD A. TYLER *v.* ROBERT SCOTT.*

### *Partnership.*

The plaintiff owned a tin-shop, and carried on the business in his own name. D. was a pr.ctical plumber of large experience. They made an agreement, whereby the plaintiff was to be allowed out of the profits of the business, ten per cent. on his stock invested, and the remainder of the profits were to be divided equally between them. They went on under that agreement, each devoting his whole time and attention to the business, which was carried on in the plaintiff's name as before, and D.'s share of the profits remained in the concern. *Held*, a partnership.

A partner has the right to pay his individual debt with the property of the firm, if no fraud upon the other partners is intended.

But, ordinarily, either partner should have the right to interfere, to prevent the diversion of the partnership property from the legitimate business of the partnership; but as to third persons, the intention to thus interfere should be clear beyond reasonable doubt.

BOOK ACCOUNT. The auditor reported that the plaintiff presented an account of $114.66 against the defendant, which was

* This case was decided at the January term, 1872.

allowed, with interest; that the defendant presented an account af $16.10 against the plaintiff, which was allowed; that the defendant also presented an account of $85.97 against one G. B. Dow, and claimed that the same should be allowed against the plaintiff. As to said last named account, the auditor reported that Dow told the defendant some time before the commencement of said account, that he was in partnership with the plaintiff; that the said Dow contracted with the defendant to do the work and furnish the materials charged in said account, upon and for the said Dow's house, and to take his pay therefor out of the tin-shop carried on by the plaintiff as hereinafter stated, and that the defendant went on under said contract, and did the work and furnished the materials charged in said account; that the defendant then commenced trading at the plaintiff's shop, and incurred the account presented by the plaintiff, for the purpose of paying his said account against Dow, but the plaintiff knew nothing of the defendant's purpose. The auditor further reported the following facts:

In the spring of 1865, the plaintiff had a tin-shop in Burlington, and was carrying on a large business in his own name. Dow was a practical plumber of large experience, and had failed in business, and was unable to carry on business in his own name, on account of outstanding debts against him; but he desired employment at his trade, and the plaintiff wanted to secure his services, therefore they made an agreement, whereby the plaintiff was to be allowed out of the profits of said business ten per cent. on his stock invested, and the remainder of the profits were to be equally divided between them. The business went on two years, Dow and the plaintiff devoting their whole time and attention thereto, at the expiration of which time, an inventory of stock, and of accounts in favor of the plaintiff, was taken, and the amount of $700, found to be due to Dow, was passed to his credit on the plaintiff's books. At the end of the third year, another inventory was taken, and Dow was allowed ten per cent. on the amount standing to his credit at the commencement of the year, and the amount of about $1400, thus found to be due him, was passed to his credit as before. At the end of the fourth year, another inventory was taken, and after giving Dow ten per cent. on what was standing to his credit at the commencement of the year, and the plaintiff ten per cent. on his stock, it appeared that Dow owed the plaintiff $400, Dow having drawn out $1700 during the year. Dow then gave the plaintiff his note for the $400, and left the

concern. The stock fell considerably during the last year, which materially affected the profits. When they entered into business, nothing was said about forming a partnership, or about the name of the business, or the losses; but the business was always carried on in the plaintiff's name, and the books kept in his name, as they had been before Dow entered the concern. During the second year of the business, a claim against one Shaw was partly paid by a dividend in bankruptcy, and the balance of the claim was lost to the business, whereby the profits were somewhat diminished; but all the rest of the accounts, although some of them were considered bad, were taken by the plaintiff in each inventory, as cash.

Dow claimed before the auditor that he and the plaintiff were partners; but the plaintiff claimed otherwise, and the auditor found that the plaintiff never claimed or represented that they were partners. Dow testified before the auditor, that the relation which existed between him and the plaintiff was the same as that which had existed between him and Wheelock & Tyler, and on cross-examination testified that, in settlement with them, he gave the following receipts, viz:

"BURLINGTON, March 24th, 1865.
Rec'd of Wheelock & Tyler one hundred and four and $\frac{68}{100}$ dollars to apply on labor since February 10th, 1865.

G. B. Dow."

"BURLINGTON, March 24th, 1865.
Rec'd of Wheelock & Tyler forty-five and $\frac{32}{100}$ dollars in full for labor and other demands up to February 10th, 1865.

G. B. Dow."

The plaintiff offered said receipts in evidence, which were admitted by the auditor against the defendant's objection. Upon the foregoing facts, the auditor decided that a partnership existed between Dow and the plaintiff.

The auditor further reported, that after Dow told the defendant that he was a partner of the plaintiff, and before his contract with the defendant aforesaid, the defendant had an account of $33 against Dow, which he asked the plaintiff to allow in payment of an account which the plaintiff then had against him for goods purchased at said shop; but the plaintiff refused to allow the account, and gave the defendant notice that he would not allow any

account against Dow, in offset to any claim the plaintiff might have against any person in connection with said business; that no account was then talked about except said thirty-three dollar account, and that the defendant testified that he supposed the plaintiff referred to old accounts against Dow, and not to those that should be subsequently contracted; that from time to time, accounts against Dow were offset against the plaintiff's accounts, with his consent; that the defendant made the contract with Dow as aforesaid, after said conversation with the plaintiff, and gave the plaintiff no notice of said contract, until after the plaintiff and Dow had settled as aforesaid, and the plaintiff never knew of said contract until after said settlement, which was in March, 1869. The auditor further reported, that in January, 1869, after the defendant's said account against Dow had accrued, the plaintiff rendered his account (which is a part of the account herein allowed) against the defendant, amounting to over $80, and the defendant at the same time rendered his account of $2.59 against the plaintiff, which was then credited to the defendant on the plaintiff's books; but the defendant then said nothing about the application of his said account against Dow, and the plaintiff did not know of said account. Dow had frequently told the defendant before the rendition of said accounts, that the defendant's account against him had been allowed on the plaintiff's books, and the defendant testified that that was the reason why he then said nothing to the plaintiff about it. In the settlement between Dow and the plaintiff, the defendant's account against Dow was not taken into the account, and the plaintiff took the account against the defendant as cash, having no knowledge that there was any question about it. The auditor disallowed the defendant's said account against Dow, and found due to the plaintiff $98.56; but submitted the question of the allowance of said account to the court, and in the event of its allowance, found due to the plaintiff $12.59. The court, at the September term, 1871, PIERPOINT, Ch. J., presiding, rendered judgment on the report, *pro forma*, for the plaintiff to recover the smaller sum. Exceptions by the plaintiff.

*Wales & Taft* and *Tyler & Whittemore*, for the plaintiff.

I. From the facts reported by the auditor, we insist that no partnership was, in fact, created between Dow and the plaintiff. They did not intend to create a partnership as between themselves, and, as far as they are individually concerned, their intention must govern. 3 Kent Com. 27; Story Part. 49 *et seq.* The agreement between them is as consistent with a compensated agency, as with a partnership; and being so, the intention of the parties should govern as to its character in fact. Story Part. 63, *et seq.*

II. If between themselves there was no intention to create a partnership, there is no absolute rule of law which will, nevertheless, as to third persons, make a participation in the profits conclusive. that there was a partnership. If there is, it is incumbent upon the party claiming such a rule, to establish it, consistently with all the circumstances of the case. Story Part. 55. The law may *presume* a partnership from the particular character of a case; but that presumption may be repelled by the circumstances of the case itself. In this case, the facts repel such presumption. *Cottrill* v. *Vanduzen*, 22 Vt. 511.

There was not a partnership in the profits; that is, in the profits after deducting losses, or in the profits and losses; but only a participation in the gross profits. From all the facts in the case, it is evident that the law will not create a partnership, where the parties did not intend it, and where nothing has been done to indicate it to third persons. Story Part. 58–9, 64–5, 76; *Ambler* v. *Bradley*, 6 Vt. 119; *Bowman et al.* v. *Bailey*, 10 Vt. 170; *Kellogg* v. *Griswold*, 12 Vt. 291; *Chapman et al.* v. *Devereaux et al.* 32 Vt. 616; *Robbins* v. *Willard*, 6 Pick. 464; *Loomis* v. *Marshall*, 12 Conn. 69.

III. The defendant's account accrued against Dow after he had notice that the plaintiff would not allow any account against Dow in offset to his claims growing out of said business. After such notice, the defendant's acts were fraudulent in law as against the plaintiff, and not binding upon him, even though the defendant supposed he had a right to make such an agreement. Collyer Part. 445; *Swan et als.* v. *Steele et als.* 7 East, 210.

35

This case should be governed by the same principle that obtains in those cases where a person deals with one partner where the right of such partner so to deal is restricted by articles of co-partnership, as in *Hastings et als.* v. *Hopkinson et al.* 28 Vt. 108: *Chapman et al.* v. *Devereaux et al. supra.* The principle is well established, that the implied authority of one partner to bind his co-partner, may be revoked by giving notice to the party that he will not be bound. Story Part. 216 ; Collyer Part. 353 ; Gow Part. 52 ; *Leavitt et al.* v. *Peck et al.* 3 Conn. 124 ; *Galway* v. *Matthew et al.* 1 Camp. 403 ; *Vice* v. *Fleming*, 1 Y. & J. 227 ; *Willis* v. *Dyson*, 1 Stark. 164 ; *Munroe* v. *Conner et al.* 15 Me. 178 ; —— v. *Layfield et als.* 1 Salk. 292 ; Story Part. 1, 228 ; *Dob et al.* v. *Halsey*, 16 Johns. 34. The cases in this state, that hold that one partner has the right to deliver goods of the firm in payment of his individual debt, are based upon the fact that the contract is one executed in good faith, with no intent of defrauding the other partner. *Fay et als.* v. *Green*, 1 Aik. 71 ; *Strong* v. *Fish*, 13 Vt. 277.

*Henry Ballard*, for the defendant.

I. Judgment for the smaller sum named in the report, was properly rendered. From the facts found by the auditor, Dow and the plaintiff were partners at the time the defendant's account against Dow accrued. *Brigham* v. *Dana*, 29 Vt. 1 ; Collyer Part. §§ 18, 42.

II. The defendant's account against Dow should be allowed as a part payment of the plaintiff's claim. The law is well settled in this state, that a partner has a right to make such an arrangement as Dow made with the defendant. *Fay et al.* v. *Green*, 1 Aik. 71 ; *Strong* v. *Fish*, 13 Vt. 277 ; *Eaton & Shaw* v. *Whitcomb*, 17 Vt. 641.

It cannot be held that the defendant acted in bad faith in respect to the partnership, as he had knowledge that Dow was a partner, and was told by Dow that his account against him had been allowed on the plaintiff's books. The bad faith, if there was any, was on the part of Dow, and the defendant should not be made to suffer for it. The other partners should suffer from

the fraud of a co-partner, rather than innocent third persons who deal with them. Collyer Part. §§ 445–49–51–55.

The opinion of the court was delivered by

ROYCE, J. The first question presented by the report of the auditor is, whether the contract which the auditor has found was entered into between the plaintiff and Dow in 1865, and which was continued until the spring of 1869, constituted a partnership.

All that is generally required to constitute a partnership as between the parties, is, that there should be an agreement to share in the profit and loss; and even less than this may make them responsible as partners as between themselves and third parties. It is not necessary that the partners should contribute equally to the capital invested, or that the share of profit and loss should be equally proportioned.

The contract between these parties was, that after paying Tyler ten per cent. out of the profits of the business for his stock invested, the remainder of the profits were to be divided equally between them. This, it seems to us, was an agreement to share in the profit and loss of the business; for the profits to be divided would be what remained after deducting the amount of losses that had been sustained. The fact that the plaintiff and Dow were partners being established, the case falls within the rule laid down in *Fay et al.* v. *Green*, 1 Aik. 71*; *Strong* v. *Fish*, 13 Vt. 277; and *Eaton et al.* v. *Whitcomb*, 17 Vt 641†; unless it is excepted from its operation, by the notice which the auditor finds was given to the defendant by the plaintiff previous to the contract made between Dow and the defendant. Ordinarily, partners have an equal right in the management and control of the partnership affairs and its property, and it is incident to partnerships of this character, that either partner should have the right to interfere to prevent the diversion of the partnership property from the legitimate business of the partnership. But as far as parties dealing with either of the partners are concerned, the intention to thus interfere should be so expressed, and be

---

*S. C. 2 Aik. 386.    † *Gleason* v. *Allen et al.* 27 Vt. 364.

evidenced by such acts, as to leave no reasonable doubt upon the subject.

This right is necessary to the protection of the interests of the individual partners ; otherwise, the entire assets of the partnership might, by fraud and collusion with outside parties, be diverted from the partnership, for the benefit of a dishonest partner.

In determining how far the plaintiff could claim protection under the notice, which the auditor has found was given to the defendant, it becomes important to ascertain what claims the notice referred to. The account that the parties were talking about at the time the notice was given was then in existence, and none other was mentioned.

This notice could not be construed as applying to claims or accounts that might thereafter accrue against Dow, and, in the absence of fraud, the plaintiff could only claim protection against claims or accounts in existence at the time the notice was given.

From the facts found by the auditor, we think the defendant was entitled to the benefit of the contract made with Dow, and hence the judgment of the county court is affirmed.