<div style="text-align">BRYAN *against* JACKSON.</div>

Where the defendant's minor son had taken up goods of the plaintiff, which the defendant paid for, without objection, or giving notice not to trust his son any further; and the son afterwards took up other goods of a similar nature; it was held, that the payment so made by the defendant, was equivalent to a recognition of his son's authority, and rendered the defendant liable for the goods subsequently taken up, although he had, (but without the plaintiff's knowledge,) given positive orders to his son to contract no more debts, and had placed him under the care of a friend, with instructions to furnish him with every thing necessary and suitable for him.

In an action of book debt, the plaintiff is a competent witness to prove the admissions of the defendant relative to the matters in issue.

And it seems, that the parties, in an action of book debt, within the prescribed limits of that action, are competent witnesses to prove any facts, which could be proved, on the same issue, by common law witnesses.

This was an action of book debt; tried at *New-Haven, August* term, 1821, before *Chapman,* J.

The plaintiff's account consisted of articles delivered to, and work done for, *Oliver P. Jackson*, a minor son of the defendant, and a student in *Yale College*; which account accrued between the 22nd of *June*, and the 11th of *September*, 1818; and the question was, whether the defendant was liable for it. The plaintiff did not claim, that the defendant's son was in *need* of the articles charged, so that they were *necessaries* for him; or that the defendant had given any *express* authority to his son to contract the debt. It was proved, that on the 20th of *June*, 1818, the defendant gave to his son 135 dollars, with direction to pay the money to the plaintiff on an account, of the same nature with the one in question, for articles delivered to and work done for such son, without objecting to the account, or giving any notice to the plaintiff not to trust his son any further; and that the defendant then gave positive orders to his son to contract no more debts, and received from him a positive assurance that he would not. At the same time, the defendant placed his son under the care of *Nathaniel Rossiter*, Esq., with direction to furnish him with every thing necessary and suitable for him.

*New.Haven,*
*July,*
1822.

Bryan
*v.*
Jackson.

The plaintiff insisted, that the articles were delivered and the work done for the defendant's son, by the authority and consent of the defendant; and in support of this claim, the plaintiff offered himself as a witness, to swear, that the defendant said, after the delivery of the articles, and after the last charge in the account, that he, the defendant, had got the plaintiff's bill; that he should have notified the plaintiff not to trust him, on his son's account, when he paid the former bill, but did not wish to hurt his son's feelings; that he found no fault with the bill, but wished to stop his son's extravagance, and, for that reason, refused to pay his bills, at that time; and that he had once given his son money to pay the plaintiff's bill, but he had spent it. To the admission of this evidence the defendant objected, on the ground that the plaintiff was an incompetent witness to testify to such declarations. The judge overruled the objection, and admitted the evidence.

The plaintiff having obtained a verdict, the defendant moved for a new trial, on the ground, that the decision of the judge, above stated, was erroneous.

*Daggett*, in support of the motion, after remarking, that there was nothing in this case to entitle the plaintiff to recover

on the ground of having furnished *necessaries*, or of an *express promise*, contended, that the plaintiff was, in this action, an incompetent witness, to prove the declarations of the defendant, made in relation to the plaintiff's right of recovery, after the alleged indebtedness had accrued. He cited *Punderson* v. *Shaw, Kir.* 150. *Phenix* v. *Prindle, Kir.* 209. *Peck* v. *Jones, Kir.* 289. *Bradley* v. *Goodyear,* 1 *Day* 104. *Johnson* v. *Gunn,* 2 *Root* 130. 1 *Swift's Dig.* 583.

*N. Smith* and *J. Beach,* contra, contended, 1. That the evidence adduced by the plaintiff, was admissible, within the rule laid down, by *Ellsworth,* J., in *Phenix* v. *Prindle, Kir.* 209. as it tended to prove a *delivery* of the articles charged, to the defendant's servant, and by his authority. Admissions, by a party, of a fact, are necessarily made *after* the fact took place.

2. That the party being made, by statute, a *witness,* without restriction, he is *competent* to testify to all the facts, to which a common law witness could testify. *Stat.* 93. The statute has a qualifying clause in relation to the *credit* of the witness, but none as to his *competency.* In *Johnson* v. *Gunn,* 2 *Root* 130. which was an action of book debt, it was expressly decided, that the plaintiff might testify to an acknowledgment of the debt, made by the defendant. See *Swift's Evid.* 83. 2 *Swift's Syst.* 171.

3. That the facts stated in the motion render the defendant liable for the debt. *Hazard* v. *Treadwell,* 1 *Stra.* 506. *Rotch* v. *Miles,* 2 *Conn. Rep.* 638. is a much stronger case than this.

Hosmer, Ch. J. I am of opinion from the facts apparent on the motion, that *O. P. Jackson* had an implied general authority from the defendant, to contract on his credit with the plaintiff ; and that the testimony of the plaintiff, in this case, was correctly admitted.

Without any express authority having been conferred on him, by the defendant, *O. P. Jackson* had procured of the plaintiff articles, similar to those which constitute the present book debt. Of the debt thus contracted, the defendant made payment, " without objecting to the same, or giving any notice to the plaintiff, not to trust his son any farther." To his son, the defendant gave a positive prohibition against contracting debts, and placed him under the care of Mr. *Rossi-*

New-Haven,
July,
1822.

Bryan
*v.*
Jackson.

*ter ;* but no information of this was communicated to the plaintiff. The above facts amount to an authority imparted to the defendant's son, so far as the plaintiff is concerned ; and on this supposition, he was warranted to act. "If I once pay," (says *Christian*, 1 *Bla. Com.* 430.) for what my servant has bought upon trust, without expressing any disapprobation of it, it is equivalent to a direction to trust him in future ;" and this opinion of a very learned lawyer, is in conformity to established decisions. The case of *Hazard* v. *Treadwell*, 1 *Strange* 506. goes the length of the principle declared by the editor of Sir *William Blackstone ;* and in the text, to which that is subjoined, the author has said, " If I send my servant, sometimes on trust, and sometimes with ready money, I am answerable for all he takes up ; for the tradesman cannot possibly distinguish when he comes by my order, and when upon his own authority." All these principles have their foundation in unquestionable justice and policy ; and, therefore, it is, that by law, where the contracts of another, who is a son or a servant, are recognized, by the payment of them, this is justly considered equivalent to a general command.

The admitted testimony of the plaintiff to the declaration of the defendant, after the account in question had accrued, and had been delivered, if competent, was unquestionably relevant. It seems, that the defendant was restrained from giving notice to the plaintiff not to trust his son, lest he should hurt his feelings ; that with the bill he found no fault ; but wishing to stop his son's extravagance, he had declined paying it ; and that he had given money to his son to pay the plaintiff's bill, which he had expended. Testimony of this description weighed something ; and was proper for the consideration of the jury, upon the enquiry, whether authority had been given to contract the debt in controversy. Indeed, had the same evidence been given, by disinterested witnesses, it would have been considered, on all hands, as free from objection. The precise question, is, Whether the plaintiff is a competent witness to the defendant's acknowledgments of indebtedness, or to facts from which indebtedness may be inferred. The cases of *Punderson* v. *Shaw, Kirby* 180. *Peck* v. *Jones, Kirby* 289. *Johnson* v. *Gunn*, 2 *Root* 130. and *Bradley* v. *Goodyear*, 1 *Day* 104. in my opinion, have no bearing on the matter in controversy. What is not a legal charge on book, these cases determine ; but that enquiry is not before the court ; as the articles delivered, unquestionably, were

proper items of book debt. The question relates, not to the nature of the things charged, but to the competency of the witness to substantiate them. In *Johnson* v. *Gunn*, before cited, it was explicitly adjudged, that the plaintiff might testify to an acknowledgment of the debt, made by the defendant ; and, by necessary consequence, he may give evidence to facts presumptive of an acknowledgment, which is the present case. The late Ch. J. *Ellsworth*, for whose decisions I entertain the highest deference, in the case of *Phenix* v. *Prindle, Kirby*, 209. expressed an opinion, that the testimony of the plaintiff in book debt should be restrained to the quantity, quality and delivery of the articles charged. This opinion, conformable as it is, to the principle, which originated the testimony of the parties on book, has not the support of precedent or practice. It has been usual to consider the plaintiff in an action of book debt, as a general witness ; and to admit his testimony to all the facts and circumstances, necessary to make out his case. The "parties and other persons interested," are spoken of collectively, in the statute concerning book debts, without any discrimination ; nor is it intimated, that in relation to the extent of their testimony, they are distinguishable from other witnesses. I am inclined to lay it down as a general rule, that, when proper articles are charged on book, the parties, *quoad* the book debt, are admissible, like all other witnesses, to testify freely and fully, in support or confutation of the account.

The other judges were of the same opinion.

New trial not to be granted.