## LEONARD SARGEANT *vs.* JOHN S. PETTIBONE.

Erasures and alterations in an original book-account do not destroy its character as an original.—Such book is competent evidence before auditors, and the erasures and alterations go to its credit only.

A charge for *postages*, made by a person while post-master, may be recovered in an action on book-account.—So may money paid for the benefit and at the request of the defendant, but the auditors must be satisfied by proof, that it was so paid. It is virtually money borrowed of the plaintiff by the defendant.

An attorney is not liable for the payment of the fees of witnesses in his client's cause, without a special undertaking. If he specially promise the witness, he will be holden; but the promise cannot be proved by the oath of the party.

A justice of the peace is entitled to charge for his services as such, all the fees allowed by the statute, but where it appeared that the practice was to take of attornies, *fifty cents* in each action in matters of collection, and the original charges were made accordingly, it was held to be strong evidence of an agreement to perform the services for that sum; though the justice had stated his account anew, and claimed his legal fees; and a report of auditors was accepted, though it allowed but fifty cents for services in each action, under such circumstances.

If a report of auditors allow a specifick item which ought to have been rejected, it may, nevertheless, be accepted under a rule that such item be deducted.

A report of auditors, with the accounts annexed in detail, accompanied by minutes of the items allowed and disallowed, is a sufficient compliance with the requisitions of the statute.

ACTION on book-account—referred to auditors, February term, 1825. The auditors reported a balance in favour of the plaintiff, of $8,90. Annexed to their report and forming a part thereof, were the respective accounts of the parties, with minutes in the margin, of the sums allowed and disallowed on the several items of charge.

Among the items allowed in the plaintiff's account, were the following :—

1818. To cash paid Nathan Whiting, for Re-
lig. Inteli. at request, and postage, $3,78
March 9, 1821. Amount from postage-books, $5,13
Jan. 10, 1825. Paid *John Sargeant*, at your request, 5,00

The defendant's account consisted principally of charges for services as a justice of the peace. In his original book he had charged fifty cents, being for default and execution, in each action, in cases of ordinary collection ; but on the hearing before the auditors, he claimed to be allowed all the fees authorized by statute to be received by a justice of the peace. But the auditors governed themselves by the original charges, in these cases. He had also charged the plaintiff *twenty-five cents* for an execution delivered to a former partner of the plaintiff, and *seven dollars,* for attendance and travel as a witness, in two causes, in which the plaintiff was the attorney for the parties on whose behalf the defendant had so attended, which charges were disallowed by the auditors.

It appeared, from inspection of the plaintiff's book, that a part of his orignal charges had been erased, and re-written on the rasures.

To the acceptance of the report, the defendant now excepted, for the following reasons :

1st. Because, he says, that the said auditors did admit, upon the hearing before them, of the production of the book of the

*Bennington,*
*February,*
*1826.*

Sargeant
*vs.*
Pottibone:

plaintiff, (when his original book of accounts was called for by the defendant) which evidently appeared, and was conceded by the plaintiff, to have been altered from what the charges originally stood against the defendant thereon, and the defendant was ready, and did offer himself to testify and show before the said auditors, upon his oath, that the sum charged in the said account, was more, and for a much larger amount than was originally agreed upon between them for the said services, which showing was overruled by the said auditors, and a sum for the said plaintiff's charges (notwithstanding the alteration of his said account) was allowed upon his, the plaintiff's sole oath, for the whole of his services, as charged by him, and for a much larger sum than was acknowledged by the defendant, and which he offered to show, as aforesaid.

2d. That the said auditors did allow to the plaintiff charges against the defendant, for postages, and particularly before his appointment as postmaster, and at a time when he did not hold the office of postmaster, upon his own sole oath.

3d. That the auditors did allow to the plaintiff charges for monies, as paid by him for the defendant, to a third person, upon his own oath, and without any other proof, although the same was then and there objected to, on the part of the defendant.

4th. That the said auditors did allow a sum, charged by the plaintiff as paid by him subsequent to the rule made by this Hon. Court in this case, and upon which this report is founded, to a third person, for a claim which the said third person had and held against a deceased person, upon whose estate the defendant was executor, and as stated, by the special promise and direction of the defendant, in his private character and capacity, and out of his own estate—and although he then and there objected to the said allowance. And also, to support the said charge, the plaintiff did introduce, and the said auditors did admit, a parol witness, (without any contract or agreement, note or memorandum in writing, to support the same) to prove the said special promise and direction of the defendant to the plaintiff, to answer and pay the same out of his own estate. And the said auditors, notwithstanding the said objections, did then and there allow the same, upon the said testimony and charge against the defendant in this case.

5th. That the said auditors disallowed a charge of the defendant, for fees as a witness in several certain causes, and as specially engaged and employed by the plaintiff, who was then and there acknowledged to be the agent and attorney in said suits, for the party for whom the defendant was a witness as aforesaid, and who was then and there acknowledged by the plaintiff to be and reside without this state, on the ground that the defendant was unable to prove such engagement and employment of the plaintiff, except by his own testimony.

6th. That after the said auditors had required of the defendant, upon the motion of the plaintiff, the production of his original files as a justice of the peace, to substantiate certain charg-

es made by the defendant to the plaintiff, for fees as justice of the peace as aforesaid in said cases—it was discovered that certain items of charges for legal fees as justice as aforesaid, in said suits, were omitted by the defendant to be entered in his original book of accounts, and the defendant then and there claimed to have the same allowed to him, notwithstanding the said omission. Yet the said auditors refused to allow the same, on the ground that they were thus omitted to be charged by the defendant in his original book.

7th. That the said auditors did disallow a charge made by the defendant, on his oath, against the plaintiff, for an execution, because the same was delivered to a third person, which third person was at the time of such delivery, a partner with the plaintiff in his business as attorney.

8th. That the said report of the said auditors does not contain or show any of the grounds or reasons for the rejection or allowance of any of the contested charges between the said parties, on either side.

From the affidavits of the auditors and others, which were introduced by the defendant, it appeared that he had objected to the plaintiff's book, on account of the erasures and alterations apparent thereon, but the objection had been overruled by the auditors, and some of the items, written on rasures, allowed. It appeared also, that the defendant had objected to all the plaintiff's charges for postage, on the ground that the laws of the U. States did not permit postmasters to give a credit for postages. That the allowance of the payment to *Whiting* had been objected to, for that it was a payment to a third person, and not the subject of a book charge. That the defendant had requested the plaintiff to pay to *John Sargeant,* a debt due to him from one *Hazletine,* then deceased, of whom the defendant was executor, and to charge the same to him on book. That the plaintiff, though not postmaster at the time the quarter commenced in which he had charged the defendant for postages on the Relig. Intelligencer, had settled with his predecessor for the share accruing before his appointment, and charged the whole to the defendant at the close of the quarter. And, that there was no testimony before the auditors, touching the defendant's services as a witness for the plaintiff's clients, excepting his own oath.

The opinion of the Court was delivered by

HUTCHINSON, J. This is an action brought upon book-account, which has been submitted to auditors, who have reported a balance in favour of the plaintiff. The questions now to be decided arise upon exceptions filed by the defendant to the report of the auditors. The first exception is taken to the allowance of plaintiff's account without a production of the original book, which was called for by the defendant. Upon the case and affidavits, the fact appears to be, that the original book was produced, but sundry items had been altered since the original charge was made. In a legal sense, this was the original book,

*Bennington,*
February,
1826.

Sargeant
*vs.*
Pettibone.

and the erasures and alterations would diminish the testimony furnished by the book. Whether these were rationally accounted for or not, by other testimony, was a matter of evidence with the auditors, and presents no question of law whatever. The original book might show a charge made against a different person, yet evidence fully satisfy the auditors, that such charge was a mistake, and the present defendant the true debtor. In such case, the most correct way would be, to make a regular transfer from one account to the other, instead of erasing and correcting. But if done either way, and it appears clearly to be now as it should be, there remains no objection to the allowance.

Some of the exceptions are not fully supported by the affidavits. It does not appear that any of the charges for postage accrued when the plaintiff was not postmaster, and there seems no sound objection to the charges while he was postmaster. He was of course debtor to government for the postage; and if he delivered the letters and charged the postage at the defendant's request, it is right he should recover it. So of the money paid to *Whiting* and to *John Sargeant.* The charge on book is regular enough, provided the auditors are satisfied by proof, that the payments were made for the benefit and at the request of the defendant. Nor does it make any difference that the debt to *John Sargeant* was due from the defendant's testator. It is virtually borrowing money by the defendant of the plaintiff, to pay the debt due from the testator. The presumption is, that the defendant had assets, or he would not have anticipated them by requesting the plaintiff to pay the money to the creditors of the deceased. But whether the defendant had assets or not, it is money borrowed by him, and he is holden to pay it the same as though any other use had been made of it. The point raised by the fifth exception was correctly decided. An attorney is not, of course, liable to pay witnesses in his client's suits. They may refuse to attend till their fees are paid, or some person whom they will trust becomes personally holden. And, if the attorney thus undertakes, he will be holden; but that must be proved by proper testimony; the parties' oath will not be sufficient.

The decision complained of in the sixth exception is well warranted by the testimony. A justice of the peace is entitled to his legal fees, but the practice is to take fifty cents in each action in mere collections, and the original charges being all made conformable to that practice, is very stsong evidence of an agreement or undertaking of parties, that these services should be paid for in that proportion.

The twenty-five cents mentioned in the seventh exception, does not affect the cause beyond its amount. The report might be accepted, under a rule to deduct it, if such deduction would do justice. But it does not appear that the execution was so delivered as that the plaintiff had the benefit of it; and if he had not, he should not be compelled to pay for it.

With regard to the eight exception, the Court consider the report, with the accounts in detail, and minutes which items are allowed and which are disallowed, to be a compliance with the statute.

The exceptions are, therefore, all overruled, and judgment must be entered according to the report.

*Milo L. Bennett* and *L. Sargeant,* for the plaintiff.

Defendant, *pro se.*