ORLEANS,
*March,*
1838.

S. & S. REED *v.* C. W. TALFORD.

In an action on book a party may testify to the admission of the other party.

It is no objection to a recovery, that a certain part of the account was originally written on a slip of paper, which was lost and not produced.

Nor is it an objection, that a part of the account has been drawn off and presented to the debtor, and not the whole, where the reasons for so doing were obvious.

Where the *debit* side of the account is over $100, the county court have jurisdiction, although a part of the items in the account have been paid.

It is not necessary that it should appear of record that the auditor was sworn.

THIS was an action of book account, commenced before the county court. The plaintiff had judgment to account, and an auditor was appointed who reported a balance in favor of the plaintiffs, and also reported the following facts, to wit;—

That one of the plaintiffs, against the objection of the defendant, was admitted by the auditor to testify to the defendant's acknowledgment of the delivery of the several articles charged in the plaintiffs' account ;—

That a portion of the charges in the plaintiffs' account were first made on a slip of paper, upon the expectation of immediate payment, and, not having been paid, were transferred to the plaintiffs' regular books, and that said charges were objected to by defendant, for that reason, but were allowed by the auditor, upon other evidence than the slip of paper, which had been lost ;—

That a portion of the plaintiffs' account, some time before the date of the writ, had been drawn off by plaintiffs, at defendant's request, for the purpose of enabling the defendant to collect such portion of a third person, and that the defendant insisted before the auditor, that the neglect or omission of the plaintiffs to draw off the whole of their account, on that occasion, would bar their right to recover for the portion omitted;—but that the auditor decided otherwise, and allowed charges not so drawn off ;—

That the *debit* side of plaintiffs' account exceeded the sum of $100, and that the balance was reduced below that amount by payments made by defendant; and, that the defendant objected, that, for that reason, the county court had not original jurisdiction of the cause of action—which objection was overruled by the auditor.

The report did not show that the auditor was sworn, nor was there any proof to that effect.

The county court accepted the auditor's report, and rendered judgment for the plaintiffs thereon, to which decision the defendant excepted.

· *J. Cooper*, for defendant.

*E. G. Johnson*, for plaintiffs, cited *May et al.* v. *Corlew*, 4 Vt. R. 12. *Stevens* v. *Richards et al.* 2 Aik. R. 81. *Fay et al.* v. *Green*, Ib. 386. *Bell* v. *McLeran*, 3 Vt. R. 185. *Read* v. *Barlow*, 1 Aik. R. 145. *Stone* v. *Winslow*, 7 Vt. R. 338. *Putnam* v. *Dutton*, 8 do. 396.

The opinion of the Court was delivered by

WILLIAMS, C. J.—This case presents no questions, but such as have been repeatedly decided. Both parties were legal witnesses before the auditor, and we can see no reason why they might not each testify to the admission of the other, in relation to the amount, as well as any other part of the account. The objection, that the plaintiff should produce the paper on which the charges were made, and which the auditor finds was lost, is not entitled to much consideration. It was not an original book or minute of entries, which could be produced. That a part of the account had been drawn off, to enable the defendant to collect it from another person, could not be seriously urged as an objection to his recovering the residue.

The objection to the jurisdiction is equally unfounded. The debit side of the plaintiffs' book, which is the criterion of jurisdiction, was over one hundred dollars, and their claim was for an amount exceeding that sum. That the sum was reduced by payments or by an account on the other side cannot oust the jurisdiction.

That there is no certificate of the oath administered to the auditor was decided not to be an objection to the report, in in the case of *Putnam* v. *Dutton*, 8 Vt. R. 3 396.

The Judgment of the county court is affirmed.

REDFIELD, J., having presided on the trial of this case in the county court, did not sit.