# ORANGE COUNTY.

## July Term, 1839.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
    " STEPHEN ROYCE,
    " JACOB COLLAMER,   } *Assistant Justices.*
    " MILO L. BENNETT,

## David Warden *v.* John Johnson.

When an auditor finds a fact upon insufficient evidence, the court should again refer the account to an auditor.

Where a party, in an action on book, testified, that a receipt was given for money charged, and, at the same time, testified to the loss of the receipt, if other evidence is given of the loss he may be inquired of as to its contents. And if the money was a proper subject of charge on book, he may recover, notwithstanding the receipt is not produced. Such receipt is similar to an original book or entry which is lost.

The plaintiff commenced an action on notes against the defendant. The defendant filed a declaration on book to recover, against the plaintiff, the balance of an unliquidated account, that it might be pleaded in offset to the notes. Judgment to account having been rendered by the county court, in the declaration on book, an auditor was appointed,

who reported, in substance, that the defendant presented his account against the plaintiff, on a slip of paper which was for "cash lent as per request, $15,00 ;"—that the defendant never charged the money on either his day book or leger, though he kept such books, and usually made his charges on his books;—that he admitted, on being examined by the plaintiff's counsel, that a receipt of the following tenor was taken by him for the money, viz. " Received of John Johnson fifteen dollars to account for.  David Warden." That he proved from the testimony of his son, Henry Johnson, that said Henry had made diligent search among the papers of the defendant for said receipt, but it could not be found, and that thereupon the auditor found from the testimony of the defendant, that the money was lent as charged, that the receipt above mentioned was taken by him at the time and that he had never seen the receipt since that time.

The auditor further reported that he found the following facts, viz. ; that, on the second of August, 1828, the plaintiff, Andrew Warden, William Warden and Denison R. Burnham formed a copartnership in the mercantile business at Newbury, under the firm of Burnham & Wardens, for the term of two years, and had a store at the Spring Hotel, and another at the south part of the town, at the expiration of which time, Burnham retired from the firm, and transferred all his interest in the goods and demands to the Wardens, who continued business until Oct. 1830, under the firm of Andrew Warden & Sons, at which last date they discontinued business;—that the defendant dealt with both firms, and at both stores ; that the plaintiff remained at Newbury about one year after the closing of the business of said last mentioned firm, as agent of the Wardens, and procured the money in dispute, to pay a check due from the firm ;— that the dissolution of the firm of Burnham & Wardens was advertised in a newspaper, and in hand-bills.  The hand-bills were posted up in public places and the plaintiff was appointed agent to settle the concerns of said firm.   But it did not appear that the defendant ever saw any of the notices of dissolution, or that the plaintiff notified the defendant, that the plaintiff was acting as the agent of the Wardens, or of the firm of Burnham & Wardens.

The auditor further reported, that the defendant and Warden & Sons had settled the accounts of that firm, but it did not appear that the said fifteen dollars had ever been accounted for, or paid to the defendant, by either the firm of Warden & Sons or the plaintiff;—that the plaintiff, while acting as agent for Warden & Sons, kept a cash book with them, of moneys received and paid out, in which book among the entries made by the plaintiff of moneys received, is the following :—

"1831, July 20. John Johnson, as per receipt, fifteen dollars."

The auditor allowed the said sum of fifteen dollars, and $7,13, interest thereon, as the balance due from the plaintiff to the defendant, to balance book accounts between them, unless the court should be of the opinion that the auditor erred in deciding that the money was a proper subject of book charge, or in permitting the plaintiff to testify to the loss and contents of the receipt ;—provided the court should be of the opinion that the charge was properly made against the plaintiff instead of A. Warden & Sons.

The plaintiff excepted to the auditor's report, for the following reasons.

1. Because a single item for cash, there being no mutual dealings between the parties, cannot be recovered in the action of book account.

2. Because the auditor permitted the defendant to prove the loss and contents of the receipt by his own oath.

3. Because the receipt was not produced, or its loss and contents proved by other testimony than the oath of the party.

4. Because interest was allowed by the auditor, when, from the facts found in the case, the defendant was not entitled to interest.

5. Because the claim, if valid against any one, was against Warden & Sons, and not against the plaintiff.

The county court decided that there was nothing due from the plaintiff to the defendant, to balance book accounts, and, there being no further defence to the notes, also decided, that the plaintiff recover against the defendant the amount of the notes declared upon, with

*Margin note:* ORANGE,
July,
1839.

Warden
v.
Johnson.

twelve per cent interest, to which decisions the defendant excepted.

*E. Farr*, for defendant.

If the facts found by the auditor were found upon improper evidence, the judgment below was wrong. The report should have been set aside, and the case again referred.

Money may be charged on book and recovered in that form of action. 1 Swift's Dig. 582. *Humphrey v. Oviatt*, 8 Conn. R. 413. *Sargeant v. Pettibone*, 1 Aikens' R. 355. *Miller v. French*, do. 99. *Slasson v. Davis*, do. 73. *Whiting v. Corwin*, 5 Vt. R. 451. And the mode of doing business requires that it should be so, and this must be found from the nature of the dealings, and not from the particular circumstances of the case on trial. *Peck et al. v. Abbe et al.* 11 Conn. R. 207.

A receipt is only a species of evidence, and cannot take away a right of action. *Hutchins et al. v. Olcott*, 4 Vt. R. 17.

The facts found by the auditor are sufficient to entitle the defendant to recover, unless the claim is upon the company alone. This cannot be, for the loan was made and the credit given to the plaintiff. If the plaintiff acted as agent, no notice of his agency was given to the defendant.

The auditor properly permitted the defendant to testify to the contents of the receipt. The parties are competent witnesses in this action. Stat. p. 141. *May et al. v. Corlew*, 4 Vt. R. 16. *Mattocks v. Owen*, 5 do. 47. *Stevens et al. v. Richards et al*, 2 Aikens' R. 81. *Peck et al. v. Abbe et al.* 11 Conn. R. 207.

*A. Underwood*, for plaintiff.

1. A single item of money, especially where a receipt is given for it at the time, is not a proper subject of book charge, and cannot be recovered in the action of book account.

In Connecticut, money has not been considered as properly chargeable on book, except when paid, lent or advanced in the common course of business and mutual dealings. 1 Sw. Dig. 582. And it was long considered there a doubtful question whether it could in any way be charged and recovered in book debt.

It does not come within the *general rule of book charge*, such as personal chattels sold and delivered, services rendered, and the use of personal chattels. 1 Swift's Dig. 582. *Miller* v. *French*, 1 Aikens' R. 100.

Money is not a *usual charge* on book where there are no other dealings. Where, in the course of dealings, items of money, by mutual consent, are made part of the account, and where in the settlement of the accounts, such items are incidentally and necessarily embraced, there can be no objection to their adjustment in this form of action. So of rent, use and occupation of lands, bonds, checks, bills of exchange and promissory notes and almost any species of property. 1 Swift's Dig. 582. *Barlow* v. *Butler*, 1 Vt. R. 146. *Case* v. *Berry*, 3 Vt. R. 332.

2. Where the subject of the suit is on one side only, and that a *single item of cash*, and for that a receipt is taken, assumpsit is the only remedy for its recovery, and the receipt the legitimate and only evidence of the claim.

3. The *loss* of the receipt, and the *contents*, must be proved by other testimony than the oath of the party. In book account, the parties are not unlimited witnesses. They cannot testify to a tender or a new promise, to avoid the statute of limitations. Were the receipt produced, would it be contended that the plaintiff could testify to the signature, if denied? In *Penfield* v. *Cook*, 1 Aikens' R. 96, in a suit on a bond, the plaintiff was not permitted to testify to its loss. So, as to a promissory note, in *Wright* v. *Jacobs*, 1 Aikens' R. 304; and it is not perceived why, in book account, there should be a variation of the rule there settled.'

If the oath of the party, in the book action, is to be restricted at all, it would seem it should be as to the loss and contents of a written instrument. See Day, 104, and 1 Swift's Dig. 583, where it is decided, that *a charge cannot be recovered, on book, where a receipt is taken and lost.*

4. The defendant is not entitled to interest on the item, for the words of the receipt negative the idea of plaintiff's being accountable for interest. *Raymond* v. *Johnson*, 8 Vt. R. 258.

5. The defendant's claim, if any exists, is against Andrew

Warden & Sons, and not the plaintiff, as appears from the facts reported.

The auditor does not find that the defendant *had not* notice of plaintiff's agency or that the money was *not delivered*, on the credit of A. Warden & Sons. Hence, upon the facts reported, the court upon the principle settled in *Shaw* v. *Shaw*, 6 Vt. R. 74, *will presume* notice of the agency, and that the money was delivered to A. Warden & Sons, and not to plaintiff.

6. The plaintiff seeks, by this declaration on book, indirectly, to swear to the payment of the two notes, the subject of the original suit. *Slasson* v. *Davis*, 1 Aikens' R. 73.

The opinion of the court was delivered by

WILLIAMS C. J.—It is for the court to inquire, whether on the two questions decided by the auditor, giving a balance in favor of Johnson, his decision was correct.

It is to be kept in mind, that the auditor is to decide upon the facts, and his decision thereon is conclusive, and further, that if he has found a fact, and allowed a charge upon improper testimony, the court are not, on this accaccount, to reject the charge, but the subject must again be sent to the same or another auditor, to give the party an apportunity to make proof by proper testimony. We think, however, that the auditor decided right upon the questions. That an action on book may be maintained for money, either paid, advanced or lent, in the common and ordinary course of business, has been so long considered as settled, that it will be useless to inquire, at this day, why it was so. We cannot see any good reason that money should be a better or more proper subject of charge on book, when there are other charges with it, than when it is a single charge.

If the testimony was properly admitted, the charge for the money for which the receipt was given, and which was also entered on the cash account of the Wardens, was a regular charge on book and might be sued for in that form of action.

The next inquiry is, whether the auditor admitted the

oath of the party to a fact, to which he was not competent to testify. It appeared, in the course of the examination, that a receipt was given, but unless the receipt was of such a character as to give a right of action thereon, and to merge an implied, in a special contract, I can see no good reason why it should be required to be produced at all. It is frequently the case, when goods are delivered, or services performed, which are intended to be a subject of account, and are charged and credited on book, that a receipt is given, and I do not know, that the receipt should be considered as any better evidence than the book.

Such a receipt may truly be said to be nothing more than a mere acknowledgment, and is not usually preserved as evidence of a contract. But, whether this is so or not, the auditor had other evidence than the oath of the party of the loss, that is, a search was made among the defendant's papers, the place where it would be most likely to be found.

As the evidence of the existence of the receipt was only derived from the acknowledgment of the party, who said, at the same time, that it was lost, the party might swear to the existence and loss of the receipt, as where an original book was lost, and recover the amount. From the nature of the receipt, thus proved to have existed and to have been lost, if any further evidence was required in relation to it, the parties were competent to testify, and it must have operated injuriously to both parties, unless either were not only permitted, but compelled to testify, if required. It is to be observed that the plaintiff, who insists upon the objection, had no other evidence that a receipt was given, except what was obtained from the cross examination of the defendant, and from the entry in his cash account, and as that evidence had no tendency to show that the receipt contained any thing but an acknowledgment, and does not show that it was not a proper subject of charge, the parties were witnesses, and were competent to testify to any material fact in relation to it. On an examination, of the whole case, we think the sum found by the auditor should have been allowed, and the report accepted.

ORANGE,
*July,*
1830.

Warden
*v.*
Johnson.

The judgment of the county court must, therefore, be reversed and judgment rendered in the declaration on book for the defendant to recover the sum found by the auditor and the defendant may then plead the same in offset to the notes on which the plaintiff has brought his action.