LEVI BOUTWELL *v.* JEREMIAH TYLER.

ORANGE,
July,
1839.

It is no objection to a recovery, in an action on book for money received to be accounted for, that the party took a receipt for the money.

THIS was an action of book account. Judgment to account having been rendered in the county court, an auditor was appointed, who reported, among other things, that one of the items in the defendant's account against the plaintiff, was for " cash as per receipt, $55,00 ;" that the receipt given by the plaintiff to the defendant was as follows:

" Received of Jeremiah Tyler fifty five dollars, to account with him for the same.

Thetford, August 5, 1828.

Signed,        LEVI BOUTWELL ;"

That the plaintiff objected to the allowance of the money thus charged, alleging that the charge was made for money lent, and a receipt given therefor at the time; that it was not a proper subject of book charge, and that the defendant was not a competent witness to swear to the delivery of the money, nor to negative the testimony tending to prove the payment of the receipt, but the auditor overruled the objection and permitted the defendant to testify in relation to said charge.

The auditor further reported, that, after hearing the proofs and allegations of the parties, he allowed said charge, and found a balance due from the plaintiff to the defendant.

The plaintiff objected to the acceptance of the auditor's report. The county court overruled the objection and accepted the report, and the plaintiff excepted to the decision of the county court.

*S. Austin,* for plaintiff.

Where money is lent and a receipt is taken therefor, it is not a proper subject of book charge.

The party is not a competent witness to prove the delivery of the money under such circumstances, nor can he be made a witness by charging the money thus receipted. 1 Swift's Dig. 583. 1 Aik. R. 73.

*S. Short,* for defendant.

1. The doctrine that the payment or delivery of money may be charged on book, is fully recognised and settled by various decisions in this state.

2. Did the circumstance of taking a receipt preclude the defendant from the right of charging the amount on book, or in any respect vary his remedy in recovering the money? It is believed not.

A receipt does not, in itself, import a debt like a note, bond or bill of exchange, but is only an easy and safe kind of evidence of the receipt of money.

No action will lie upon a receipt, as an instrument, but assumpsit for money had and received, or, as is contended in this case, an action on book account are the only proper remedies.

In the case of *Fry* v. *Slyfield*, 3 Vt. R. 256 the court say, "that, generally, any claim for labor done and performed or articles of property sold and delivered, may be recovered in the action on book as well as any other."

3. Again, the receipt taken in this case shows that it was the intention of the parties that the money should be charged in account. This is manifest from the terms of the receipt itself, and from the fact that mutual accounts subsisted between the parties at the time it was given.

In the case of *Barlow* v. *Butler*, 1 Vt. R. 146, it is decided that a note may be charged on book in certain cases.

And in *Case* v. *Berry*, 3 Vt. R. 332, the court decided that the use of land may be charged in account, where the dealings between the parties show that it was intended to be made matter of account between them.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—In this case the auditor has reported a balance in favor of the defendant. The plaintiff excepted, and the only question to which our attention has been called, is, whether the charge of fifty five dollars, specified in the receipt, was a proper subject of charge on book.

It appears evident, from the terms of the receipt, that the money was received to be accounted for, and that there were mutual dealings between the parties. It was, therefore, a proper subject to be examined and adjusted when the accounts of the parties were adjusted and audited, and it cannot cease to be a proper subject of accounting because the party has, in addition to the ordinary evidence, the further evidence arising out of the receipt. The objection is, that

the party is entitled to his oath in the action on book, and whenever this objection is urged it seems to be supposed that the party will swear falsely, but as the other party may also be examined on oath, he must swear to the truth, and, generally, in investigations of this kind, truth will prevail over falsehood.   Something was said in the argument about the charge being for money lent.   The receipt is general, for money received to account for.   If it was a payment of money lent, the fact should have been proved to the auditor and the charge could not have been allowed, but nothing is stated in the report which shows that this sum ought not to have been allowed.   It was a proper charge, and both or either of the parties were competent to testify, or introduce evidence to show, whether it ought or ought not to be allowed, and the auditor was to determine the fact.   The judgment of the county court must, therefore, be affirmed.