Clark *v.* Marsh, Adm'r.

••••e◉$••••

ERASTUS CLARK *v.* LYNDON A. MARSH, Administrator of JAMES H. CLARK.

In the action on book account the parties may testify to every material fact in relation to the account, proper to be considered in deciding upon the merits of their respective claims.

In such action the plaintiff may testify to an admission, made by the defendant prior to the accruing of the account, tending to show that the services charged for in the account were rendered upon the credit of the defendant; and it makes no difference, that such admission was contained in a letter, addressed to the plaintiff, and which is lost.

And *it seems*, that the plaintiff, in such case, may testify both to the contents of the letter and the fact of its loss.

Clark *v.* Marsh, Adm'r.

This was a declaration upon book account, filed in offset, and, having come from the county court to this court upon exceptions, was, at a previous term, recommitted to auditors. And now the auditors made their report to this court, stating the facts as follows.

The plaintiff claimed to recover one half of the expense of supporting his father and mother for a number of years,—the intestate, James H. Clark, being the brother of the plaintiff. At the trial before the auditors the plaintiff proved by his own affidavit, and without objection, the loss of a certain letter addressed to him by his brother, which he claimed contained a promise, that, if the plaintiff would support their father, the intestate would pay to the plaintiff one half of the expense of such support; and the plaintiff then offered to prove the contents of said letter by his own affidavit. This evidence was objected to by the defendant and excluded by the auditors. The plaintiff then offered to testify to the contents of the letter, to sustain his account; but this evidence, also, was objected to, and was excluded by the auditors. The plaintiff then testified to his account, and the support of his father for about fourteen years, previous to 1820, and that James H. Clark repeatedly promised, that he would be at one half the expense of such support. And the auditors found the fact, that the plaintiff did contribute to the support of his father for many years, previous to 1820, but did not find, that James H. Clark ever promised to be at any portion of the expense of such support. Certain letters, offered in evidence by the defendant, were objected to by the plaintiff and admitted by the auditors; but as the question in reference to their admissibility was not decided by the court, the facts need not be detailed.

The auditors decided, that there was no balance due to the plaintiff; and the plaintiff filed exceptions to their report.

*O. P. Chandler* for plaintiff.

The question is not, whether a party may testify to the loss of a paper; that was conceded by the defendant; but it is, whether, in this action, the party is a competent witness, when resorting to secondary evidence to prove the contents of the paper. Although this question may not have been directly decided in this state, yet we think it comes within the principle frequently decided in analogous cases. *Stevens* v. *Richards et al.,* 2 Aik. 81. *Reed* v. *Talford,* 10

Clark *v.* Marsh, Adm'r.

Vt. 568. *McLaughlin* v. *Hill*, 6 Vt. 26. The parties are general witnesses to every thing, which goes to the merits of the original accounts. *Bryan* v. *Jackson*, 4 Conn. 288. *Peck* v. *Abbe*, 11 Conn. 211.

*Tracy & Converse* for defendant.

It is not competent ·for a party to prove even the loss of a paper by his own oath,—much less, the contents. *Penfield* v. *Cook*, 1 Aik. 96. *Viles et al.* v. *Moulton*, 13 Vt. 510. The rule applies as well to this form of action, as to any other. An express undertaking must be shown, in order to charge the defendant; and it is not competent for the plaintiff to show such undertaking by his own oath. *Sargeant* v. *Pettibone*, 1 Aik. 355.

The opinion of the court was delivered by

REDFIELD, J. Since the decision of the case of *Stevens* v. *Richards et al.*, 2 Aik. 81, it has been held to be the settled law, in regard to the action of book account, that the parties are witnesses to the fullest extent, the same, precisely, as any other witnesses, in regard to all matters which concerned the account, as an account,—or as they express it in the state of Connecticut, where the same rule prevails, *quoad* the account. The language of chief justice SKINNER, in that case, is full and explicit upon this point,—"As the parties are made witnesses, there can be no better rule, than that they should testify to every material fact *in relation to the account*, proper to be considered in deciding upon the merits of the respective claims of the parties." Nothing can be more explicit, more perfectly unequivocal, than this declaration of the rule in regard to the right of the parties to testify in this action, and the extent to which their testimony was to be received, that is, so far as the account is concerned, to the same extent as any other witness whatever. This is perhaps the only sensible and practicable rule which could be adopted. If the legislature see fit to admit the parties to testify in *general* terms, and to an unlimited extent, so far as the account is concerned, it is not for the courts to fix limits, or throw entrenchments and safeguards around a privilege, which the statute gives without any such conditions. Hence, from that time to the present no single exception to that rule has been recognized by this court, although it has some-

times been pressed upon our consideration. *Reed* v. *Talford,* 10 Vt. 568.

We do indeed recognize a distinction, as to matters which occur subsequent to and are independent of *the account as such;* as, for example, a tender, a new promise to take the case out of the operation of the statute of limitations, and possibly some others. The same rule obtains in Connecticut, with the same limitations, and possibly some few others, which have not been recognized as exceptions in this state. *Bryan* v. *Jackson,* 4 Conn. 288. *Peck* v. *Abbe,* 11 Ib. 207. In this latter case it was expressly held, that one defendant might testify, that he was not a partner with the other, notwithstanding the plaintiff had proved the existence of the partnership by a *written contract.* If, then, in the present case, the defendant could, by his own testimony, avoid the effect of this letter, when produced by the plaintiff, can the plaintiff be denied the right to prove its execution, delivery, or contents, by *his* oath? Clearly not, if the rule is to have the same extension, both ways.

If the writing in controversy were a contract of such a special character, that the action of book account would not lie for any thing done under it, the case would perhaps merit a different consideration. But in that case the offer would come always from the defendant. And if a defendant should offer to testify to the existence and loss, or absence beyond his power, of a written contract of such a nature, as to exclude a recovery in this form of action, it is not easy to see how he could be denied the right to prove in that mode, that the articles, claimed as an account against him, never became the proper subject matter of a charge on book, but were the result of an attempt to perform a special contract, under seal, it may be, still subsisting.

But not to argue beyond the case in hand,—this letter contained, at most, a matter of evidence, an offer, or admission. It could not, of itself, show a contract, and, if produced, must still be extended by oral evidence. It must be shown, that it was accepted and acted upon by the plaintiff, before it would amount to a contract. It was of no more force, and perhaps less, than an 'admission, after the account accrued, that the defendant was liable to pay it. It was not testimony of that exclusive character, which precludes prior and contemporaneous parol declarations of either of the parties,—which is

always the case, when a *contract* is reduced to writing. So that this was merely an admission of the defendant, which tended to make him liable, and was precisely of the same character with what was admitted, with only this difference, that what was admitted *had never been reduced to writing*. And we do not consider this, ·alone, a sufficient ground for the exclusion.

If the genuineness of the letter, or the fact that it was ever sent, or, being written by some other person, the authority of that person to bind the defendant, were in question, the plaintiff might undoubtedly testify, and, if the defendant were alive, demand the testimony of the defendant. And we see no possible reason, why he may not pursue the same course of evidence, to show the loss of the paper and its contents.

If the contract contained in a writing is the only foundation of an action against the party, then, in general, I think, the action must be upon the contract, and no remedy can be had in this form of action ;—as, for instance, if some other one is primarily liable to the defendant, so that the defendant's undertaking is collateral, and so within the statute of frauds, clearly no recovery can be had in this form of action, even if the contract in writing is produced. So, perhaps, when the account is for mere voluntary acts, from which, at the time the account accrues, the law will raise no promise ; *but still*, being a good consideration for a special undertaking if the defendant promise in writing, the action must probably be upon the contract. But here the party offers to testify merely to an admission, prior to the services performed, to show that the credit was originally given to the defendant ; and this we think he may do.

The case of *Sargeant* v. *Pettibone*, 1 Aik. 355, is not very precisely analyzed by the judge, even as the law was then understood ; and, as the law now stands, could not be recognized as law. If it were intended to say, that the client would be primarily liable for the fees of the witness, and that, even if the attorney promised to pay them, his undertaking is collateral, and so must be proved by other testimony than by the oath of the party, the judge should have gone farther, and said, that the promise of the attorney must also be in writing, and that no action of book account would lie against the attorney in any such case. But if the judge means to say, that, in order to charge the attorney, it must appear, that the witness wen

Clark *v.* Marsh, Adm'r.

to attend the court upon his personal undertaking to pay the fees, so that the undertaking was an original one on his part, and no credit was ever given to the client, then it is not true, that such a service may not be charged on book and all the facts necessary to a recovery be proved by the oath of the parties. It would be strange, in such a case, if the plaintiff could not call upon the defendant to testify; and if he can, then he has himself the same right to testify. That case is not different from every case, where one man employs another to perform services, which, on the face of the thing, go to the benefit of another.

But here there is a moral obligation upon children to support their parents; and this may be enforced in law in a particular mode; so that the case is not in any sense different from one employing another to maintain his child, being of full age. But, for one, I do not desire to put the case upon any such narrow ground. The court think, that the fact of this offer being reduced to writing will not exclude the testimony of the parties in relation to it.

We suppose the other question will not be likely to be again presented in precisely the same shape; we have therefore spent no time in regard to it.

The case of *Boutwell* v. *Tyler*, 11 Vt. 487, where money was delivered and a receipt taken, seems to be very much in point. The supreme court allowed the party to recover the amount in the action of book account, and say that both parties may testify to the whole transaction, and the truth may thereby be elicited. There is not the least intimation of any limitation upon the testimony of the parties, in regard to the transaction. Suppose, then, the receipt had been lost, or the opposite party had denied its execution, must the party fail in the action, unless he can adduce common law proof in the case? We believe no such rule has prevailed, for many years certain.

Report set aside and case referred to the same auditors.