# RUTLAND COUNTY,

---

## Warren & Bliss *v.* George R. Bishop.

A balance, ascertained and struck upon a mutual settlement of book accounts, may be charged as an item in a new account, and recovered in an action upon book account; and the parties are competent witnesses before the auditor, to prove the stating of the former account and their agreement upon the balance.

But the stating of the account, in such case, and agreeing upon the balance due, is only conclusive upon the defendant of the truth of the account and the balance found, and not of the obligation to pay. If the defendant have obtained a discharge in bankruptcy, previous to the stating of the account, so that he was then under no obligation to pay it, the law will not imply such obligation from the mere fact of stating the account, but the right of the plaintiff to recover will depend on the nature and extent of the defendant's express promise in reference to it.

And where it appeared, in such case, that the defendant, at the time of stating the account and ascertaining the balance, agreed that the portion belonging to him of certain demands then in the possession of the plaintiff should be appropriated to pay this balance, but nothing had been in fact received by the plaintiff thereon, it was held, that this could not be treated as an absolute undertaking to pay the balance, so as to avoid the effect of the discharge in bankruptcy.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

All the items in the plaintiff's account, except the first, were admitted to be correct. The first item was a charge in these words ;— "Balance due January 1, 1844, as agreed, $186,61." The defendant objected to the competency of the plaintiffs to establish this item by their own testimony; but the objection was overruled by the auditor ; and from the testimony of the parties, and other evidence, the auditor found, that the plaintiff Bliss and the defendant, on the first day of January, 1844, or soon thereafter, examined the accounts

between the plaintiffs and defendant, which had accrued previous to that time, and agreed upon the sum above stated as the balance then due, and that the defendant had frequently, since that time, spoken of and admitted that sum, as the balance due at that time, and promised to pay it by applying the funds belonging to him, arising out of the clothing and carding business, carried on by him under a contract with the plaintiff Warren, and in which he was jointly interested with Warren. But the auditor found, from the testimony of the defendant and Warren, that the plaintiffs had never received any payment of this account from the funds of the defendant arising under said contract,—which consisted of notes and accounts left by the defendant with Warren to collect,—and that there had not at any time been any thing in Warren's hands to be applied. The defendant gave in evidence the certificate of his discharge in bankruptcy, and claimed that so much of the account, as accrued previous thereto, was barred by it. It appeared, that the account previous to January, 1844, out of which the balance constituting the first item of the plaintiff's account was made, accrued at different times in the years 1840, 1841, 1842 and 1843; but the auditor declined to take that account, or any item of it, into consideration, as he found, that there had been an examination of it by the parties, and that the balance had been agreed upon to January 1, 1844, and there was no offer on the part of the defendant to show any mistake in the account and balance then stated;—but the defendant did not admit in his testimony, that he had agreed to the balance, or that he would pay it in any other manner, than by his share of the proceeds of the accounts and claims put into the hands of Warren, as above stated.

The auditor decided, that the first item in the plaintiffs' account was a proper charge to be recovered in this action, and that it accrued January 1, 1844, and therefore was in no way affected by the defendant's certificate in bankruptcy.

The county court, April Term, 1849,—HALL, J., presiding,—accepted the auditor's report, and rendered judgment thereon for the plaintiffs. Exceptions by defendant.

Warren et al. *v.* Bishop.

*Thrall & Smith* for defendant.

No question is made, but that the account, from which the item of $186,61 was made, was due to the plaintiffs, at the time the defendant was declared a bankrupt, and was proveable under the commission of bankruptcy. The debt was therefore discharged by the decree in bankruptcy. And not only the original debt was discharged, but this item of 186,61, when found, notwithstanding it might have been found by an examination of the accounts by the parties, unless there was such a promise, after it was found, as to restore it after the act of bankruptcy. The finding the balance by the parties no more merges the original cause of action, than a judgment; and this brings the case within the principle decided in *Harrington* v. *McNaughton*, 20 Vt. 295.

The item of $186,61 was not a proper matter of charge on book. It is not within the principle of the cases of *Gibson* v. *Sumner*, 6 Vt. 163, and *Spear* v. *Peck*, 15 Vt. 566. Both of those cases proceeded upon the ground, that the parties assented to the correctness of the balance found, and that it might be charged in the new account. In this case this was denied by the defendant.

In whatever form the plaintiffs seek to recover such a matter, they must prove an express promise, made upon adequate consideration; a mere acknowledgment is not sufficient. *Walbridge* v. *Harroon*, 18 Vt. 450.

The testimony to prove such promise must be common law proof. The parties cannot be witnesses. *McLaughlin* v. *Hill*, 6 Vt. 26. *Clark* v. *Marsh*, 20 Vt. 341. 7 Conn. 132. 11 Ib. 211.

But the decision of the auditor is not sustained by the testimony. From this no *promise* can be found to pay this balance, except so far as the defendant's share of certain old accounts would pay it. The defendant had a right thus to limit his promise. *Cross* v. *Conner*, 14 Vt. 394.

*Briggs & Williams* for plaintiffs.

The first item in the plaintiffs' account, upon the facts found by the auditor, was a proper subject of book charge. *Gibson* v. *Sumner*, 6 Vt. 163. *Spear* v. *Peck*, 15 Vt. 566.

The parties were proper witnesses in support of this charge. *Stevens* v. *Richards*, 2 Aik. 81. *Fay et al.* v. *Green*, Ib. 386.

---

---

*May* v. *Corlew,* 4 Vt. 12.   *Delaware* v. *Staunton,* 8 Vt. 53.   *Whiting* v. *Corwin,* 5 Vt. 451.   *McLaughlin v. Hill,* 6 Vt. 20.   *Clark v. Marsh,* 20 Vt. 338.

Such an agreement, if established, was conclusive upon the parties, unless some mistake in it could be shown,—in which case the mistake only should be rectified.   *Hodges* v. *Hosford,* 17 Vt. 615.

This item, or charge, accrued on the first of January, 1844 ; and the defendant's discharge in bankruptcy, being anterior, could have no operation upon it.   The charge, and the agreement of the parties, which was the foundation of it, had no existence before the first of January, 1844, and now has no relation, or reference, to any state of facts, which existed before that time;—every thing prior thereto was brought forward and merged in that agreement as effectually, as though a note had been given, or a judgment recovered, for that amount.

The opinion of the court was delivered by

Royce, Ch. J.   That a balance ascertained and struck, upon a mutual settlement of book accounts, may properly be charged as an item in a new account, was settled by the cases cited, of *Gibson* v. *Sumner,* and *Spear* v. *Peck.*   And the auditor has found the fact, (though the defendant did not admit it before him,) that the accounts between the plaintiffs and the defendant, existing before the first of January, 1844, were adjusted by the defendant and one of the plaintiffs, and the amount of the first item in the subsequent account mutually agreed upon as the balance.   The legality of that charge, in point of form, is therefore fully sustained by the doctrine of those cases.

Under the construction which was given, in *Stevens* v. *Richards,* 2 Aik. 81, to our statute regulating the action of account on book accounts, and which has been uniformly acted on in subsequent cases, there can be no doubt, that the parties were competent witnesses before the auditor, to prove the stating of the former account, and their agreement upon the balance found against the defendant. They are general witnesses as to all facts, transactions and agreements, on which the account, or any of its items, was based;—every matter affecting the original validity and justice of the account, to which other witnesses could properly testify.   So, too, they are wit-

nesses, to the same extent, in reference to actual payment and satisfaction of the account; but probably not to its simple release or discharge by a sealed instrument. It has long been the doctrine in Connecticut, that, in the action of book debt, one party may testify to admissions by the other, which tend to show that the charges in the account were rightfully made. *Johnson* v. *Gunn*, 2 Root 130. *Bryan* v. *Jackson*, 4 Conn. 288. *Peck* v. *Abbe*, 11 Conn. 207. The same has also been adjudged by this court in the action on book account; and even where the admission was made in a writing, which had been lost, and was not produced. *Reed* v. *Talford*, 10 Vt. 568. *Warden* v. *Johnson*, 11 Vt. 455. *Clark* v. *Marsh*, 20 Vt. 338.

But the principal question in the case concerns the liability, which the defendant incurred by stating the account and making the promise reported by the auditor. If it be granted, that merely stating an account, and agreeing upon the balance, will ever create a new liability and cause of action, without the aid of an express promise, (and as to this the authorities are somewhat conflicting,) that effect can be produced in those cases only, where the party found in arrear was under a subsisting liability, in some form, upon the account adjusted. And such was not the condition of the defendant; for his indebtedness to the plaintiffs had been legally discharged. It is urged, indeed, that the accounting was conclusive upon the defendant. But that must be understood of the truth of the account and the balance found, and not of the obligation to pay. Even a promise, unless induced by some new consideration, will not bind a party in a different right from that in which he was already liable, nor to a greater extent. *Drue* v. *Thorn*, Aleyn 72; *Mitchinson* v. *Hewson*, 7 T. R. 348, and *Rann* v. *Hughes*, there cited in note.

This being a case, then, where the law would not imply an obligation from the naked fact of stating the account, the right of the plaintiffs to recover upon this first item of their present account, must depend on the nature and extent of the defendant's promise in reference to it. As the debt had not been paid, but merely discharged by operation of law, we are not disposed to question the validity of any express undertaking for its payment, though resting

simply upon moral obligation. At the same time, the plaintiffs were not in a condition to prescribe terms, and could only be content with such an undertaking, as the defendant chose to give. And the only promise appearing in the report was, to pay this balance by the defendant's share in the avails of certain demands, then in the hands of Warren, one of the plaintiffs. Had the defendant then legally owed the debt in question, the promise would probably be construed as implying a guaranty, that the demands could be made available to satisfy the debt. But, under the circumstances, we think it merely operated to appropriate his disposable interest in the demands to that special purpose. It is therefore considered, that the auditor erred, in treating the promise as an absolute undertaking for the payment of the entire balance claimed.

The judgment of the county court, accepting the report, is accordingly reversed, and the cause recommitted to the auditor.