FRANKLIN,
January,
1833.

RACHEL MACKS *vs.* JOSIAH BRUSH, JR.

It is not a question of law; but matter of fact for the auditor to find, whether 50 cents per week agreed upon between A. and B. as the wages of A. for eleven weeks work, was by agreement, or understanding of the parties, to be the price of other labor done by A. for B. eight months afterwards.

This Court will always presume the auditor did his duty, unless the contrary appear.

The act relating to actions of account has been construed to require the auditor to state in his report, what items of account he allowed, and what items he disallowed; but he need not state the ground, or reason of allowing, or disallowing any item, unless specially requested.

If the auditor be requested to report the ground, or reason of his allowing, or disallowing an item of account, and he refuse to do it, this may be set forth in exceptions to his report, and proved by affidavits: All which would tend to show partiality, unfairness, or corruption in the auditor, and deserve the consideration of the Court.

This was an action on Book Account, and judgement to account was rendered, and an Auditor was appointed, who reported generally that the plaintiff recover the sum of $3,38 cents to balance book accounts—and also reported specially concerning the case. Defendant filed exceptions to the report, which was accepted, and judgement rendered thereon by the County Court; to which judgement the defendant excepted, and the case is brought to this Court for a further hearing, and correction of errors, if any there be.

BAYLIES, J. pronounced the opinion of the Court. I shall notice so much of the special report of the auditor, as will raise the points which were litigated by the parties before this Court. The auditor reported, "That as to the first item in the plaintiff's account for 91 weeks work, commencing 15th July and ending first of October 1826, charged at 75 cents a week, $8, 25, it appeared in evidence, and was proved to the auditor, that previous to the 15th July 1826, the plaintiff agreed with the defendant to labor for him at the price of fifty cents per week, $5,50. " As to the second item charged in the plaintiff's account; viz. " To labor at 83 cents per week commencing June 5, 1827, and ending last of March, 1828, $35,87.

The auditor finds that the defendant agreed with the plaintiff to labor for him, but made no contract with the plaintiff as to the price or time of service." " The de-

fendant contended that the contract made before the first FRANKLIN, January, 1833. work was done would operate to fix the price for the labor charged in the second item of the plaintiff's account ; but Macks vs. Brush. the auditor decided that the contract for 50 cents per week related only to the eleven weeks of work, and that the plaintiff was entitled to recover what the labor charged in the second item of the account was reasonably worth, and allowed the plaintiff for 42 weeks at 83 cents per week, making $34,86."

The auditor after stating what items he allowed, says " All the other items in the defendants account are disallowed."

The defendant assigns his reasons in writing for excepting to the above as follows : The auditor finds but one contract respecting the price of the plaintiff's labor was ever made between the plaintiff and defendant, and that was previous to the commencement of the plaintiff's services in 1826. The defendant insists inasmuch as the auditor found that no subsequent contract was made between the parties, he ought to have decided, that the services rendered by the plaintiff subsequent to the above period, as it respects the price, were to be governed by the first contract; but the auditor decided that the plaintiff was entitled to receive what the services were reasonably worth. For the above, and other reasons appearing on the face of the report, the defendant excepts."

Should the price of 50 cents per week, agreed on for eleven weeks work performed between the 15th July, and 1st of October 1826, be the price for work performed between June 5, 1827, and last of March, 1828 ? Here were eight months after the first work was done, before the last was begun. I know of no principle of law, which required the auditor to say, the 50 cents per week, agreed on for the eleven weeks work, should be the plaintiff's wages per week for his last services. If there was any agreement, or understanding of the parties to that effect, it was a matter of fact for the auditor to find; but by his finding, he negates every idea of such agreement or understanding : He says expressly, the contract for 50 cents per week *related only to the eleven weeks work.*" Now the Court would not say that the auditor has found this fact, where it did

FRANKLIN,
January,
1833.

Macks
vs.
Brush.

not exist ; especially where there is nothing in the report, which tends to lead the Court to such a conclusion.

The defendant also insists that the auditor erred in reporting " All the other items in the defendant's account are disallowed," without stating upon what grounds he disallowed them.

This Court will always presume that the auditor did his duty, unless the contrary appear upon the face of the report, or in some other way. The Act relating to actions of account says " where the auditor or auditors shall have adjusted the account, or accounts, and returned the same into court ; judgment shall thereupon be rendered" &c. This act has been construed by our courts to require the auditor, to state particularly what items he allowed ; but no decision has gone so far as to require the auditor to state the *ground*, or *reason* for allowing, or disallowing any item of charge. In this case the auditor complied with the act; that is, he reported what particular items of defendants account be allowed and disallowed. If the defendant wished the auditor to state the ground or reason for allowing or disallowing any particular item of charge, the defendant *might request* the auditor to report the *ground*, or *reason* for such allowance, or disallowance ; and if the auditor *refused* or *neglected* to do it, the defendant might set forth such *request*, and *refusal* in his exceptions to the report, and prove the same by affidavits. If there had been such *request* and *refusal* in this case, it would tend to show partiality, unfairness, or corruption in the auditor, and deserve the consideration of the County Court, to decide, whether his report ought not to be set aside. But the auditor was never requested to report the *ground*, or *reason* for disallowing any item of the defendant's account ; therefore no partiality, unfairness, or corruption can be laid to his charge. Judgement of the County Court is affirmed.

*Aldis & Davis*, for plaintiff,
*Hunt & Beardsley*, for defendant.