FLOWER BROOK MANUFACTURING Co. v. RUFUS BUCK.

The duty of an auditor, in reference to appending copies of the accounts of the parties to his report, and specifying the items of each that are allowed, or disallowed, is the same under the Revised Statutes that it was under the statute in force previous to their enactment.

Where an auditor inquired, in presence of the defendant, whether it was necessary to report copies of the accounts of the parties, and the plaintiffs' counsel replied that it was not, under the Revised Statutes, and the defendant said nothing, this was held no waiver, on the part of the defendant, of his right to have the copies returned with the report.

BOOK ACCOUNT. The auditor reported that a balance was due to the plaintiffs, but did not append to his report copies of the accounts of the parties, nor in any manner set them out. The defendant excepted to the report in the county court.

It appeared, that, at the time of the hearing before the auditor, the auditor asked the plaintiffs' attorney, if it was necessary to report copies of said accounts,—who replied, that, by the Revised Statutes, it was not necessary ; this conversation was had in the presence of the defendant, who made no objection.

The county court accepted the report. Exceptions by defendant.

*S. Fullam* and *C. L. Williams* for defendant.

It is the duty of the auditor to report the accounts of the parties, and the sums allowed and disallowed; *Read* v. *Barlow*, 1 Aik. 147 ; *Leach et al.* v. *Shepherd*, 5 Vt. 363 ; *Hill* v. *Hogaboom* 13 Vt. 141 ; and the defendant has a right to claim the performance of that duty, unless he has *understandingly* waived it;—which does not appear in this case.

*G. W. Harmon* for plaintiff.

The statute of 1797 [Sl. St. 141, §1,] provided, that, " when the auditor or auditors shall have adjusted the account, or accounts, and *returned the same into court,* judgment," &c. The construction of that statute has been, to require the auditor to attach the whole account to his report. 1 Aik. 148. Ib. 359. 3 Vt. 598. By the Revised Statutes, [Rev. St. 220, §7,] it is enacted, that, "when the au-

Flower Brook Manufacturing Co. v. Buck.

ditors shall have adjusted the accounts, and *made report thereon to the court*, judgment," &c.   The evident design of this change in the phraseology was to dispense with the necessity of returning the accounts.   If either party should specially *request* the auditor to report the accounts, it would be his duty to comply, as in case of other requests.  *Fay* v. *Green*, 2 Aik. 390.   *McConnell* v. *Pike*, 3 Vt. 597.   *Mack* v. *Brush*, 5 Vt. 72.

But, even if it be necessary to return the accounts, it may be waived, as was done in this case; and the decision of the county court, upon the question of waiver, is final, and cannot be revised in this court.   *Thompson* v. *Arms*, 5 Vt. 547.   *Cummings et al.* v. *Fullam*, 13 Vt. 459.   *Putnam* v. *Dunham*, 8 Vt. 400.

The opinion of the court was delivered by

Hebard, J.   The auditor has submitted nothing to the court, except that he finds a certain balance due to the plaintiff,—and the question now to be decided is, whether it was necessary that he should have done any thing more than that.

We think it was his duty to have returned copies of the accounts of the parties, specifying the items which he allowed and those disallowed.   The expression of the statute is, " that when the auditor shall have adjusted the accounts, and made report thereon," &c.; and we think that, *ex vi termini*, it imports this.   If it was only intended by the statute that the auditor should find the balance that was due to one or the other of the parties, and report that merely, it would have been very natural and very easy to have said so.   The uniform practice under the old statute has been to require copies of the accounts to be reported,—and we regard the new statute as the same in substance, although there is a variation in the words.   And we regard it as a matter of expediency that it should be so, as it thus puts upon record the matters that have been passed upon, and may have the effect to prevent further litigation.

But it is said that the defendant waived the right to have the copies of the accounts reported.   It appears, by the exceptions, that the auditor inquired of the plaintiffs' counsel, if it was necessary to return the accounts with the report, and that the plaintiffs' counsel told him that it was not,—and that this was said in the hearing of the defendant, and he made no objection.   To regard this as a

waiver, would be putting a construction upon a man's silence that would be unwarrantable. The inquiry of the auditor was not directed to the defendant ; nor did it, from the manner in which it was put, call for any answer from him ; nor does it appear that any suggestion that he might have volunteered would have influenced the auditor in the matter.

It is further said that whether there was a waiver or not is a question of fact ; and, the county court having passed upon it, this court cannot revise it. That is true in principle ; but it does not appear, by the exceptions, upon what ground the county court rendered their judgment in accepting the report. Of course, it does not appear that they have passed upon it.

The judgment of the county court is reversed, and the case must again go to an auditor.