HON. ASAHEL PECK,
HON. WILLIAM C. WILSON, } ASSISTANT JUDGES.
HON. BENJAMIN H. STEELE,

---

## JOHN W. CROKER *v.* HENRY GOODNOW.

### *Book Account. Auditor's Report.*

It is not a matter of discretion but the duty of an auditor to state in his report what items of the accounts of the respective parties he allows and disallows; though not requested by either party to make such specification. He should also state the facts or grounds of allowing or disallowing items, if requested by either party to make such statement.

BOOK ACCOUNT. The auditor reported as follows:

"Upon hearing and examining the same, (referring to the accounts presented by the respective parties,) I allow the plaintiff's account at the sum of forty-one dollars and ninety-one cents, and the defendant's account at the sum of fourteen dollars. I find a balance of twenty-seven dollars and ninety-one cents due from the defendant to the plaintiff to balance book accounts between them.

On this balance I allow the sum of one dollar and seventy-seven cents interest. I therefore find due from the defendant to the plaintiff, to balance their book accounts, the sum of twenty-nine dollars and sixty-eight cents. All of which is respectfully submitted."

The following are the exceptions to the report:

1st. The auditor in his report has not stated any of the items of the plaintiff's or the defendant's account, neither has he stated in his report any of the items of the plaintiff's account which he has allowed or disallowed, neither any of the items of the defend-ant's account which he has allowed or disallowed.

2d. The auditor, although requested so to do by the defendant's counsel, has not stated any facts in his report in relation to several items he has allowed in the plaintiff's account, or disallowed in the defendant's account, which will enable the court to ascertain whether his decision allowing and disallowing the same is correct or not.

The defendant introduced the affidavits of his counsel, tending to show that on the trial before the auditor the counsel for the defendant requested the auditor to report specially the facts connected with the several items of the plaintiff's account in controversy, to the court, that legal questions might be raised upon the same before the court.

The county court at the April term, 1869, BARRETT, J., presiding, accepted the report of the auditor and overruled the defendant's exceptions thereto, and rendered judgment for the plaintiff; to which the defendant excepted.

*H. N. Hix,* for the defendant.

*Waterman & Read,* for the plaintiff.

The opinion of the court was delivered by

WILSON, J. The defendant, in the court below, excepted to the report of the auditor on two grounds: first, because the auditor did not state in his report any of the items of the plaintiff's or defendant's account which he allowed or disallowed; and secondly, because the auditor, although requested, did not state in his report any facts in relation to the several items allowed in the

Croker v. Goodnow.

plaintiff's account or disallowed in the defendant's account. We think the first exception was well taken, and that the report should have been recommitted. The statute required the auditor to state in his report what items he allowed and those disallowed by him.

In *Sargeant* v. *Pettibone*, 1 Aik., 355, the court held that the report of the auditor, with the accounts annexed in detail, accompanied by minutes of the items allowed and disallowed, is a compliance with the requirements of the statute.

In *Macks* v. *Brush*, 5 Vt., 70, the court say : " The act relating to actions of account has been construed to require the auditor to state in his report what items of account he allowed and what items he disallowed."

In *Flower Brook Manufacturing Company* v. *Buck*, 16 Vt., 290, the court held that the duty of an auditor, in reference to appending to his report copies of the accounts of the parties, and specifying the items of each that he allowed or disallowed, was the same under the Revised Statutes that it was under the statute in force previous to their enactment.

Section 7 of chapter 41 of the General Statutes provides, among other things, that " when the auditors shall have adjusted the accounts, and made report thereon to the court, judgment shall be rendered on such report, if no just cause be shown to the contrary." The duty of the auditor under the General Statutes is the same that it was under the Revised Statutes. It is generally true that the hearing, examining and adjusting the account of a party, involve almost as many separate and independent contracts, express or implied, as there are items in his account, and sometimes the account contains items that cannot be adjusted in this form of action. The language of the statute, above quoted, imports not only that the accounts shall accompany the report, but also that the report shall show that the auditor has examined and adjusted each item, and all the items of the accounts that could have been adjusted by him, and show what items of account he allowed, and what items he disallowed. All this is necessary in order to enable the party against whom items are allowed, or the party whose account, or any portion of it, is disallowed, to determine whether he will request the auditor to state the grounds of

allowing or disallowing such items ; it is necessary in order to enable the parties and court to determine from the report itself whether the auditor has erred in his computation of the accounts or interest, or in striking the balance due, or whether any item has been allowed which upon the face of it could not be adjusted in the book action ; and it is necessary in order to place upon the record each item and all the items adjudicated. The report, with the accounts in detail annexed, should show the amount the auditor has allowed and the amount he has disallowed on each item of the accounts. The determination of the question presented by the defendant's first exception, did not rest in the discretion of the auditor, but it was his duty to have specified in his report, or upon the accounts returned with the report, the items he allowed and those he disallowed, even though not requested by either party to make such specification. In this particular the report shows that the auditor has not complied with the statute, and we think the county court erred in accepting the report against the defendant's objection.

The defendant's second exception presents no question for revision by this court. It is not error in an auditor not to make a special report, and state facts or grounds of allowing or disallowing items, unless requested, for the purpose of taking the judgment of the court on questions of law raised before the auditor. *Macks* v. *Brush*, 5 Vt., 70 ; *Hoyt* v. *Clark*, 39 Vt., 87. This exception states, in substance, that the auditor was requested by the defendant's counsel to state in his report the facts in relation to the several items he has allowed in the plaintiff's account, and disallowed in the defendant's account. It appears that affidavits were introduced in the court below tending to prove that such request was made, and it does not appear that any evidence to the contrary was introduced. The facts on which the court overruled this exception do not appear. The county court may have failed to find that the alleged request was made. We can not assume that the court below did not fail to find such request, and the question of fact upon the evidence is not before us.

The judgment of the county court is reversed ; the cause is remanded, and the report should be re-committed to the auditor,

who will state what items he allowed, and what items he disallowed. He should also state in his report the facts or grounds of allowing or disallowing of items, if requested by either party to make such statement.